IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>v.<br><br>TRANS OCEAN SEAFOODS, INC., dba NEW ENGLAND SHELLFISH,<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and/or retaliation, and to provide appropriate relief to Charging Party Serapia Matamoros Perea ("Matamoros"), Charging Party Elena Perea Olea ("Perea"), and Charging Party Celia Sanchez Perea ("Sanchez"), and two other aggrieved individuals, Maricela Dominguez ("Dominguez") and Saul Martinez ("Martinez"), who were adversely affected by such practices. Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff," "the Commission," or "the EEOC") alleges that Defendant Trans Ocean Seafoods, Inc. ("Defendant") subjected the Matamoros, Perea, Sanchez, and Dominguez to a hostile work environment based on their sex, female, subjected Dominguez to constructive discharge, and retaliated against Matamoros, Perea, Sanchez, and Martinez because of their protected activity and/or the protected activity of one or more Charging Parties with whom they are closely associated. Plaintiff seeks monetary and

COMPLAINT- Page 1 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

injunctive relief for Matamoros, Perea, Sanchez, Dominguez, and Martinez including pecuniary damages, nonpecuniary compensatory damages, punitive damages, back pay, prejudgment interest, and rehire or front pay in lieu thereof as appropriate.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## PARTIES

3.  Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 3, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.  At all relevant times, Defendant has been a corporation continuously doing business in the State of Washington and employing at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

**COMPLAINT-** Page 2 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Matamoros filed Charge Nos. 551-2013-01314 and 551-2014-00192, Perea filed Charge No. 551-2013-01717, and Sanchez filed Charge No. 551-2013-01707 with the EEOC alleging violations of Title VII by Defendant.  On September 5, 2014, the Commission issued to Defendant a Letter of Determination as to each of the above charges finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.  The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission. On March 5, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

7. Defendant has employed Matamoros, Perea, Sanchez, and Dominguez as harvesters of clams. Matamoros and Perea are still employed by Defendant.  Matamoros is the daughter-in-law of Perea and the sister-in-law of Sanchez.  Perea is the mother of Sanchez who was a minor at all relevant times. Defendant has employed and still employs Martinez as a truck driver and, during part of 2012 and 2013, assigned him certain supervisory and/or additional duties and paid him additional income for performing such duties.

8. Since at least September 2012, Defendant has engaged in unlawful employment practices because of sex at or near its facilities in Mt. Vernon and Bellingham, Washington, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Matamoros,

**COMPLAINT-** Page 3 of 10

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6885**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**

Perea, Sanchez, and Dominguez to a hostile work environment based on their sex, female, and by subjecting Dominguez to constructive discharge, and has engaged in unlawful employment activities in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Matamoros, Perea, Sanchez, and Martinez to retaliation because of their protected activity and/or the protected activity of a Charging Party with whom they are closely associated.

<u>Claims for Relief on behalf of Matamoros, Perea, Sanchez, and Dominguez for<br>Sexual Harassment in Violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)</u>

9. Beginning in or prior to September 2012, the Beach or Harvest Manager, alone and/or with certain male harvesters, subjected Matamoros, Perea, Sanchez, and Dominguez to offensive and unwelcome conduct including: references to their genitalia and the genitalia of other females; sexual and sometimes threatening comments about what he would do or wanted to do with or to them and/or other females; demeaning statements about their genitalia; spreading rumors about their purported sexual activities; spying on them as they attempted to use portable toilets; engaging in sexual bantering and joking about them with certain male harvesters; and/or suggestively touching Dominguez.

10. Matamoros complained to the Operations Manager about the Beach or Harvest Manager's offensive and unwelcome sexual conduct toward her and other female harvesters on more than one occasion including in or about 2012 and again on or about April 12, 2013. Defendant lacked policies or procedures regarding sexual harassment until after April 12, 2013, and failed to take prompt or appropriate corrective action to prevent or remedy the hostile work environment caused by the Beach or Harvest Manager's offensive and unwelcome sexual conduct.

**COMPLAINT-** Page 4 of 10

**EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Seattle Field Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104-1061<br>Telephone: (206) 220-6885<br>Facsimile: (206) 220-6911<br>TDD: (206) 220-6882**

Claim for Relief on behalf of Dominguez for Constructive Discharge
in Violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)

11. The Beach or Harvest Manager's worsening sexual harassment toward Dominguez, and escalating efforts to isolate Dominguez from her coworkers, resulted in conditions so intolerable that she was forced to resign her position on or about December 8, 2012, thereby causing her constructive discharge.

Claims for Relief on behalf of Matamoros, Perea, Sanchez, and Martinez for
Retaliation in Violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)

12. Matamoros, Perea, Sanchez, and Martinez were retaliated against by the Operations Manager and/or the Beach or Harvest Manager because of their protected activities and/or close association with a Charging Party who engaged in protected activities.

13. Matamoros, who is the daughter-in-law of Perea and sister-in-law of Sanchez, complained to the Operations Manager on more than one occasion, including in or about 2012 and again on or about April 12, 2013, about the Beach or Harvest Manager's offensive and unwelcome sexual conduct toward her and/or other female harvesters, repeatedly rebuffed the Beach or Harvest Manager's offensive and unwelcome sexual comments, and filed two charges against Defendant in 2013 alleging sexual harassment by the Beach or Harvest Manager and/or other male harvesters, and alleging retaliation.  In retaliation for such protected activities Defendant, through the actions of the Operations Manager, the Beach or Harvest Manager and/or other managers: failed to credit Matamoros for all the clams that she harvested; disciplined and/or threatened to discipline Matamoros; prevented her from working on one or more days including in or about November, 2013, thereby depriving her of income; threatened to sexually

COMPLAINT- Page 5 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

assault Matamoros; required Matamoros to perform physical work not required of other female harvesters not associated with her; locked Matamoros out of the portable toilet; and/or refused to rehire Matamoros's sister-in-law, Sanchez in November 2013.

14. Perea, who is the mother-in-law of Matamoros and mother of Sanchez, complained to the Operations Manager on more than one occasion, including in or about 2012, about the Beach or Harvest Manager's offensive and unwelcome sexual conduct toward her, repeatedly rebuffed the Beach or Harvest Manager's offensive and unwelcome sexual comments, and filed a charge against Defendant in 2013 alleging sexual harassment and retaliation. In retaliation for the protected activities of Perea and/or the protected activities of her daughter-in-law Matamoros, Defendant, through the actions of the Operations Manager, the Beach or Harvest Manager and/or other managers: failed to credit Perea for all the clams that she harvested; disciplined and/or threatened to discipline Perea; threatened to sexually assault her daughter-in-law Matamoros; required Perea to perform physical work not required of other female harvesters not associated with her; locked Perea out of the portable toilet; and/or refused to rehire Perea's daughter Sanchez in November 2013.

15. Sanchez, who is the sister-in-law of Matamoros and daughter of Perea, filed a charge against Defendant in 2013 alleging sexual harassment and retaliation. In retaliation for such protected activities and/or the protected activities of her sister-in-law Matamoros and/or her mother Perea, Defendant, through the actions of the Operations Manager, the Beach or Harvest Manager, and/or other managers: failed to credit Sanchez for all the clams that she harvested; disciplined and/or threatened to discipline Sanchez; and/or refused to rehire Sanchez in or about mid-November 2013.

**COMPLAINT-** Page 6 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

16.     Martinez complained to the Operations Manager in 2012 and/or 2013 about the Beach or Harvest Manager's offensive and unwelcome sexual conduct toward Matamoros, Dominguez, and/or other female harvesters, and was known by the Operations Manager to be assisting in December 2013 in the EEOC's investigation of the charges filed by Matamoros, Perea, and Sanchez. In retaliation for such protected activities Defendant, through the actions of the Operations Manager, the Beach or Harvest Manager, and/or other managers: disciplined and/or threatened to discipline Martinez in 2013; and/or in December 2013 removed certain duties performed by, and thereby reduced the income earned by, Martinez after the Operations Manager observed Martinez providing information and documentary evidence to the EEOC investigator as part of the EEOC's investigation of the charges filed by the Matamoros, Perea, and Sanchez.

17.     The effect of Defendant's practices complained of in paragraphs 8-16 above has been to deprive Matamoros, Perea, Sanchez, and Dominguez of equal employment opportunities because of their sex, female, and to deprive Matamoros, Perea, Sanchez, and Martinez of equal employment opportunities by retaliating against them because they engaged in protected activities and/or because of their close association with a Charging Party who engaged in protected activities.

18.     The unlawful employment practices complained of in paragraphs 8-16 above were intentional.

19.     The unlawful employment practices complained of in paragraphs 8-16 above were done with malice or with reckless indifference to the federally protected rights of Matamoros, Perea, Sanchez, Dominguez, and Martinez.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant and/or its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex and/or are in retaliation for the protected activities of applicants, employees, or those closely associated with such applicants or employees.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Matamoros, Sanchez, Dominguez, and Martinez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices described in paragraphs 8-16 above including, in addition to back pay, but not limited to:

1. the rehire of Sanchez or front pay compensation for Sanchez in lieu of rehire in an amount to be determined at trial;

2. the rehire of Dominguez or front pay compensation for Dominguez in lieu of rehire in an amount to be determined at trial; and

3. the restoring of the supervisory duties and associated salary to Martinez in an amount to be determined at trial.

COMPLAINT- Page 8 of 10

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

D.	Order Defendant to make each individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-16 above, as appropriate, including past and future out-of-pocket expenses, in amounts to be determined at trial.

E.	Order Defendant to make each individual whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-16 above, including without limitation compensation for emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

F.	Order Defendant to pay each individual punitive damages for its malicious and reckless conduct described in paragraphs 8-16 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the EEOC its costs of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT-** Page 9 of 10

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

DATED this 30th day of September 2015.

| | |
|---|---|
| JONATHAN PECK | P. DAVID LOPEZ |
| Acting Regional Attorney | General Counsel |
| | |
| JOHN F. STANLEY | JAMES L. LEE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| CARMEN FLORES | GWENDOLYN Y. REAMS |
| Senior Trial Attorney | Associate General Counsel |
| | Office of the General Counsel |
| REBECCA S. STITH | 131 "M" Street NE |
| Senior Trial Attorney | Washington, D.C. 20507 |

BY:     /s/ Jonathan Peck
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office-San Francisco District
909 First Avenue, Suite 400
Seattle, WA  98104-1061
Telephone (415) 522-3150

Attorneys for Plaintiff EEOC

COMPLAINT- Page 10 of 10

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882