The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS OCEAN SEAFODS, INC., dba NEW ENGLAND SHELLFISH,<br><br>Defendant. | No. C15-1563RAJ<br><br>MOTION TO INTERVENE AS PLAINTIFF UNDER FED. R. CIV. P. 24(a)(1)<br><br>NOTE ON MOTION CALENDAR: December 25, 2015 |

## I. RELIEF REQUESTED

Proposed Plaintiffs-Intervenors Maricela Dominguez and Saul Martinez respectfully move this court for leave to intervene as Plaintiffs in the above-captioned action pursuant to Fed. R. Civ. P. 24(a)(1). This motion is brought in order to allow the aggrieved parties to assert the claims set forth in the proposed Complaint in Intervention.

## II. STATEMENT OF FACTS

Proposed Plaintiffs-Intervenors seek leave of this Court to intervene pursuant to Fed. R.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Civ. P. 24(a) in the above-captioned action filed by the Equal Employment Opportunity Commission (EEOC), in which they are each aggrieved individuals, and to file the attached Complaint in Intervention. The EEOC is the federal agency charged by Congress with the interpretation, administration, and enforcement of a number of federal statutes banning employment discrimination, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII). In this capacity, the EEOC filed the complaint against the Defendant on September 30, 2015, alleging unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

In this case, proposed Plaintiffs-Intervenors have claims of discrimination and retaliation in violation of Title VII. Plaintiffs-Intervenors also seek to bring before this Court their state law claims for discrimination and retaliation pursuant to the Washington Law Against Discrimination, Wash. Rev. Code § 49.60, and negligent infliction of emotional distress that arise out of similar facts as the federal claims.

Plaintiffs-Intervenors ask this Court to assert supplemental jurisdiction over their state claims because the state and federal claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Moreover, this Court should assert jurisdiction over Plaintiffs-Intervenors' state law claims because the evidence needed to resolve the state law claims substantially overlaps with the evidence relevant to the federal claims. Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction and there is "a common nucleus of operative fact" between the state and federal claims. *Hoeck v. City of Portland*, 57 F.3d 781, 785 (1995) (citing 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)).

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

The EEOC complaint in this action was filed on September 30, 2015. The present procedural posture of the case is that the case is still in its early stages. The Joint Status Report and Discovery Plan deadlines have not yet passed and no discovery has taken place. The Plaintiffs-Intervenors believe that intervention should be allowed.

## III. STATEMENT OF ISSUES PRESENTED

Should the Court grant the proposed Plaintiffs-Intervenors motion to intervene in this case? Answer: *Yes, pursuant to Fed. R. Civ. P. 24(a)(1).*

## IV. EVIDENCE RELIED UPON

Proposed Plaintiffs-Intervenors rely upon the pleadings filed in this matter.

## V. ARGUMENT

### A. FED. R. CIV. P. 24(a)(1) GRANTS PLAINTIFFS-INTERVENORS THE RIGHT TO INTERVENE BECAUSE FEDERAL STATUTE AFFORDS AN UNCONDITIONAL RIGHT

Fed. R. Civ. P. 24(a)(1) provides for the right of an individual to intervene in a court action. The Rule states, in relevant part: "Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute…."

Title VII provides an aggrieved employee with an absolute right to intervene in a civil action brought by the EEOC. Title VII states: "The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission…." 42 U.S.C. §2000e-5(f)(1).

Saul Martinez filed a Charge with the EEOC alleging violations of Title VII by Defendant. Individuals who file a charge of discrimination with the EEOC have an unconditional right to intervene in suits that the EEOC brings on their behalf. *E.E.O.C. v. Fry's*

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

*Electronics, Inc.*, 770 F. Supp. 2d 1168, 1170 (W.D. Wash. 2011) (citing 42 U.S.C. § 2000e–5(f)(1)). The EEOC filed this lawsuit and named each of the proposed Plaintiffs-Intervenors as aggrieved individuals. The court should grant their motion to intervene in this matter.

B. PLAINTIFFS-INTERVENORS' REQUEST TO INTERVENE IS TIMELY

Fed. R. Civ. P. 24 requires that a motion to intervene be timely. The Court considers the following factors in determining whether intervention is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Washington*, 86 F.3d. 1499, 1503 (9th Cir. 1996) (citation omitted).

This motion is timely. This action was filed by the EEOC on September 30, 2015. Discovery on the case in chief has not begun. The deadlines for initial disclosures and submission of the Joint Status Report have not yet passed. The Defendant will not be prejudiced if this motion is granted. For these reasons, the Plaintiffs-Intervenors' Motion to Intervene is timely and has met the requirements for intervention as set forth in Fed. R. Civ. P. 24(a)(1).

VI. CONCLUSION

For the foregoing reasons, the Plaintiffs-Intervenors respectfully request that their motion to intervene into the instant action be granted and that they be permitted to file the attached Complaint in Intervention.

RESPECTFULLY SUBMITTED this 9th day of December, 2015.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

SCHROETER, GOLDMARK & BENDER

REBECCA J. ROE, WSBA #7560
Attorney for Plaintiffs-Intervenors
Schroeter, Goldmark & Bender
810 3rd Ave., Suite 500
Seattle, WA 98104
Phone: 206-622-8000
Email: roe@sgb-law.com

MOTION TO INTERVENE AS PLAINTIFF UNDER FED. R.
PAGE - 5

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Carmen Flores and<br>Rebecca S. Stith<br>Equal Employment Opportunity Commission<br>Seattle District Office<br>909 First Ave., Suite 400<br>Seattle, WA 98104<br>Tel: 206.220.6883<br>Email: carmen.flores@eeoc.gov<br>Rebecca/stotj@eeoc.gov<br><br>*Attorneys for Plaintiff EEOC* | Alyson Dimmitt Gnam<br>Northwest Justice Project<br>300 Okanogan Ave., Suite 3A<br>Wenatchee, WA 98801<br>Tel: 509.664.5101<br>Email: alysond@nwjustice.org<br><br>*Attorney for Intervenor Plaintiffs Matamoros, Olea and Perea* |
| Jamie L. Stoops and<br>Kenneth J. Diamond<br>Winterbauer & Diamond<br>1200 Fifth Ave., Suite 1700<br>Seattle, WA 98101<br>Tel: 206.676.8440<br>Email: mail@winterbauerdiamond.com<br><br>*Attorneys for Defendant Trans Ocean Seafoods, Inc.* | |

Darla Moran

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>MARICELA DOMINGUEZ AND SAUL MARTINEZ,<br><br>Plaintiffs-Intervenors<br>vs.<br><br>TRANS OCEAN SEAFOODS, INC., dba NEW ENGLAND SHELLFISH,<br><br>Defendant. | NO. C15-01563<br><br>COMPLAINT IN INTERVENTION<br><br>JURY DEMAND |

## I.   NATURE OF THE ACTION

This is an action for civil rights violations. Plaintiffs-Intervenors Maricela Dominguez ("Dominquez") and Saul Martinez ("Martinez") are respectively former and current employees of Defendant Trans Ocean Seafoods, Inc. ("Defendant"). During the course of their employment, Defendant subjected Dominguez to a hostile work environment based on her sex,

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

subjected Dominguez to constructive discharge, and retaliated against Martinez in violation of Title VII of the Civil Rights Act and the Washington Law Against Discrimination. Plaintiffs-Intervenors bring this action to obtain redress for the harm they have suffered and continue to suffer as a result of Defendant's unlawful actions.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over Plaintiffs-Intervenors' federal law claims pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This court has jurisdiction over Plaintiffs-Intervenors' state law claims under 28 U.S.C. § 1367(a) because these claims are so related to the federal claims under Title VII as to form part of the same case or controversy under Article III of the United States Constitution. This action is authorized and instituted pursuant to the Washington Law Against Discrimination, RCW 49.60.030(2).

3. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because the employment practices alleged to be unlawful were committed within this District.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Less than 300 days after incidents of retaliation Saul Martinez filed Charges with the EEOC alleging violations of Title VII by Defendant. Dominguez and Martinez were identified as aggrieved individuals in the EEOC investigation giving rise to this lawsuit.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On September 5, 2014, after its investigation, the EEOC issued a Determination as to the

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

aggrieved individuals, including Dominguez and Martinez, finding reasonable cause to believe Title VII was violated.

6. On March 5, 2015, the EEOC issued a Notice of Failure of Conciliation after it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

7. On September 30, 2015, the EEOC filed the instant action against Defendant.

## V. PARTIES

8. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 3, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

9. At all relevant times, Plaintiff-Intervenor Maricela Dominguez was a resident of Washington State.

10. At all relevant times, Plaintiff-Intervenor Saul Martinez was a resident of Washington State.

11. At all relevant times, Defendant has been a corporation continuously doing business in the State of Washington and employing at least fifteen (15) employees.

12. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

13. At all relevant times, Defendant has continuously been an employer within the meaning of the Washington Law Against Discrimination, RCW 49.60.040 and RCW 49.60.180.



SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## VI. STATEMENT OF FACTS

14. Defendant employed Dominguez from October 2013 to July 2014.

15. Defendant has employed and still employs Martinez as a truck driver and, during part of 2012-2013, assigned him certain supervisory and/or additional duties and paid him additional income for performing such duties.

16. Dominguez speaks Spanish; she does not speak or understand English.

17. Martinez speaks Spanish; he understands and speaks minimal English.

18. Trans Ocean employs some people as clam harvesters. These workers are taken to the work site on the coastal tide flats by small motor boats. The majority of workers on the boat(s) were male. The work sites are often in isolated locations on the tidal flats. The Beach or Harvest Manager during all relevant times was Bartolo Pilar.

19. Bartolo Pilar's responsibilities included choosing the clam harvesters' work sites and driving the boat that transported harvesters to the worksites. Bartolo Pilar also had some control over the accounting of the boxes picked by each worker. Since at least 2012, Bartolo Pilar, alone and with certain male harvesters, subjected Dominguez to ongoing sexual conduct at or near Defendant's facilities in Mt. Vernon and Stanwood, Washington. This conduct included but is not limited to sexually propositioning her, touching her legs suggestively and unnecessarily, and spreading rumors about her alleged sexual activities.

20. The offensive and unwelcome harassing conduct created a hostile work environment and affected the terms and conditions of employment for Dominguez. The Beach or Harvest manager's worsening sexual harassment toward Dominguez, and escalating efforts to isolate her from her coworkers, resulted in conditions so intolerable that she was forced to transfer to production operations in order to avoid Pilar.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

21. Dominguez was retaliated against by the Operations Manager and/or the Beach or Harvest Manager because of her protected activities and/or close association with coworkers who engaged in protected activities.

22. The Operations Manager at all relevant times was Sebastian Santelices.

23. Martinez complained to the Operations manager in 2012 and/or 2013 about the Beach or Harvest Manager's offensive and unwelcome sexual conduct toward Dominguez and/or other female harvesters, and was known by the Operations Manager to be assisting in mid-2013 in the EEOC's investigation of the charges filed by three female employees. In retaliation for such protected activities, Defendant, through the actions of the Operations Manager, the Beach or Harvest Manager, and/or other managers: disciplined and/or threated to discipline Martinez in 2013; and/or in December 2013 removed certain duties performed by, and thereby reduced the income earned by Martinez after the Operations Manager observed Martinez providing information and documentary evidence to the EEOC investigator as part of the EEOC's investigation of the charges filed by the female employees.

24. Defendant lacked policies or procedures regarding sexual harassment until after April 12, 2013.

25. Defendant failed to take prompt or appropriate corrective action to prevent or remedy the hostile work environment caused by Bartolo Pilar and other male harvesters' offensive and unwelcome sexual conduct.

## VII. STATEMENT OF CLAIMS

### A. Sexual Harassment in Violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)

26. Plaintiffs-Intervenors reallege and incorporate by reference all allegations set forth in the preceding paragraphs as if set forth herein.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

27. Since at least 2011, Defendant discriminated against Plaintiff-Intervenor Dominguez in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting her to a hostile work environment based on her sex.

28. The effect of the practices complained of above has been to deprive Maricela Dominguez of equal employment opportunities.

29. The unlawful employment practices complained of was intentional.

30. The unlawful employment practices complained of was done with malice or with reckless indifference to the federally protected rights of Maricela Dominguez.

**B. Sexual Harassment in Violation of the Washington Law Against Discrimination, RCW 49.60.030 and RCW 49.60.180**

31. Plaintiffs-Intervenors reallege and incorporate by reference all allegations set forth in the preceding paragraphs as if set forth herein.

32. Since at least 2011, Defendant discriminated against Plaintiff-Intervenor Dominguez in violation of the Washington Law Against Discrimination, RCW 49.60.030 and RCW 49.60.180, by subjecting her to a hostile work environment based on her sex.

33. As a woman, Plaintiffs-Intervenor Dominguez is a member of the class protected from discrimination and sexual harassment under the Washington Law Against Discrimination.

34. The effect of the practices complained of above has been to affect the terms and conditions of employment for Dominguez and to deprive her of equal employment opportunities.

35. The unlawful employment practices complained of was intentional.

**C. Retaliation in Violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)**

36. Plaintiffs-Intervenors reallege and incorporate by reference all allegations set forth in the preceding paragraphs as if set forth herein.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

37. Defendant violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Maricela Dominguez and Saul Matinez because of their protected activities and/or close association with a Plaintiff-Intervenor who engaged in protected activities.

38. The effect of Defendant's practices complained of in paragraphs 26-31 has been to deprive Dominguez and Martinez of equal employment opportunities.

39. The unlawful employment practices complained of in paragraphs 26-31 were intentional.

40. The unlawful employment practices complained of in paragraphs 26-31 were done with malice or with reckless indifference to the federally protected rights of Maricela Dominguez and Saul Martinez.

### D. Retaliation in Violation of the Washington Law Against Discrimination, RCW 49.60.030 and RCW 49.60.210

41. Plaintiffs-Intervenors reallege and incorporate by reference all allegations set forth in the preceding paragraphs as if set forth herein.

42. Defendant violated the Washington Law Against Discrimination, RCW 49.60.030 and RCW 49.60.210, by retaliating against Maricela Dominguez and Saul Martinez because of their protected activities and/or close association with a Plaintiff-Intervenor who engaged in protected activities.

43. The effect of Defendant's practices complained of in paragraphs 26-31 has been to deprive Dominguez and Martinez of equal employment opportunities.

44. The unlawful employment practices complained of in paragraphs 26-31 were intentional.

## VIII. PRAYER FOR RELIEF

Wherefore, the Plaintiffs-Intervenors respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendant and/or its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

employment practices which discriminate on the basis of sex and/or are in retaliation for the protected activities of applicants, employees, or those closely associated with such applicants or employees.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Award Plaintiffs-Intervenors all damages to which they are entitled, including but not limited to, all special, general, compensatory, punitive, or other damages pursuant to Title VII, 42 U.S.C.200e et seq., the Washington Law Against Discrimination, RCW 49.60, and as otherwise authorized by law.

D. Award Plaintiffs-Intervenors compensation for past and future nonpecuniary losses resulting from violations of Title VII, 42 U.S.C.200e et seq., the Washington Law Against Discrimination, RCW 49.60, and otherwise authorized by law, including, but not limited to compensation for mental anguish and emotional and physical distress in amounts to be determined at trial.

E. Order Defendant to pay each individual punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

F. Award Plaintiffs-Intervenors the costs of this suit and attorney fees pursuant to 42 U.S.C. §2000e-5(k), RCW 49.60.030, and/or as otherwise authorized by law.

G. Award damages for adverse tax consequences as a result of Defendant's violation of the Washington Law against Discrimination, in an amount to be determined at trial.

H. Award prejudgment interest on all liquidated sums.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

IX. JURY DEMAND

Plaintiffs-Intervenors request a jury trial on all questions of fact raised by this Complaint in Intervention.

RESPECTFULLY SUBMITTED this 9th day of December, 2015.

SCHROETER, GOLDMARK & BENDER

Rebecca J. Roe

REBECCA J. ROE, WSBA #7560
Attorney for Plaintiffs-Intervenors
Schroeter, Goldmark & Bender
810 3rd Ave., Suite 500
Seattle, WA 98104
Phone: 206-622-8000
Email: roe@sgb-law.com