HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

   v.

SERAPIA MATAMOROS, *et al.*,

        Plaintiff-Intervenors,

   v.

TRANS OCEAN SEAFOODS, INC.,

        Defendant.

Case No. 15-1563-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Trans Ocean Seafoods, Inc.'s ("Trans Ocean") Motion for Protective Order Regarding Retaliation (Dkt. # 91) and Motion for Relief from Deadline for Pretrial Order (Dkt. # 93). For the reasons that follow the Court **DENIES** Trans Ocean's motions.

## II.   BACKGROUND

The allegations at issue in this matter have been summarized previously. Dkt. # 11. In short, EEOC alleges that Trans Ocean engaged in illegal discriminatory practices against certain individuals employed to harvest shellfish on tidal flats near Mt. Vernon and Bellingham, Washington. Dkt. # 1 at 3-7. Plaintiff-Intervenors are the victims of

ORDER – 1

these alleged discriminatory practices.  Dkt. # 11.  Discovery has closed, the dispositive motions deadline has passed, and trial is set for March 27, 2017.

### III.   DISCUSSION

In the instant motions, Trans Ocean contends that the Court should (1) issue a protective order to safeguard witnesses who fear retaliation as a consequence of testifying at trial and (2) grant Trans Ocean relief from the deadline to serve its pretrial statement.

### A.   Motion for Protective Order Regarding Retaliation

Trans Ocean contends that it cannot get a fair trial because material witnesses are afraid that if they testify, Plaintiff-Intervenors will engage in retaliatory tactics, such as reporting them to Immigration and Customs Enforcement ("ICE") or harming them in other ways.  Dkt. # 91 at 1.  In a declaration, counsel for Trans Ocean states that one of these witnesses reported her concerns as follows:

> This witness informed me that one of the charging parties had offered to include her as a plaintiff in this lawsuit and, when the witness declined, the charging party threatened to report the witness and her family to Immigration and Customs Enforcement.  The witness reported that her car was messed with and she was spoken ill of at work by the charging party after declining to join in the lawsuit with a charging party.  This witness said that this was part of the reason why she was afraid to offer her testimony without some form of protection from retaliation.

Dkt. # 92 at 2-3.  To further substantiate the retaliation that these witnesses fear, counsel submits several articles discussing the current political climate as a prominent source of concern among immigrant communities.  *See, e.g.*, Dkt. # 92-6.  As a remedy, Trans Ocean requests a court order prohibiting Plaintiff-Intervenors from engaging in retaliatory tactics, such as reporting witnesses to ICE.  Dkt. # 91-1.

The Court finds that a protective order is unnecessary because there are already laws in place that prohibit any party from intimidating or retaliating against a witness. *See, e.g.*, 18 U.S.C. § 1512(b) (criminalizing witness intimidation as a crime punishable by monetary fines and/or up to twenty years' imprisonment).  Trans Ocean itself emphasizes that its motion "merely asks that the Court enforce already-existing laws

ORDER – 2

prohibiting retaliation." Dkt. # 91. These already-existing laws, which all parties must observe, are sufficient protections against witness retaliation and render a protective order unnecessary. The Court notes, however, that these laws cannot be applied to constrain the lawful functions of an executive agency, such as ICE, and that the Court otherwise lacks authority to interfere with lawful efforts by ICE to enforce federal immigration laws and regulations. The Court **DENIES** Trans Ocean's motion.

### B.     Motion for Relief from Deadline for Pretrial Order

Trans Ocean contends that it should be permitted to serve its pretrial statement after the applicable deadline. Not later than twenty days prior to the deadline for the parties to submit an agreed upon pretrial order, each defense counsel is required to serve a pretrial statement upon all other parties. LCR 16(i). As set forth in the scheduling order, the pretrial order deadline in this matter is March 13, 2017. Thus, February 21 was the deadline by which Trans Ocean was required to serve its pretrial statement. It did not, however, comply with that deadline. Trans Ocean implies that Plaintiffs are at fault because they "only sent their pretrial statement to the lead counsel for this case, without copying any of his staff or other lawyers for Defendant Trans Ocean." Dkt. # 93 at 1. Trans Ocean also contends that it missed the deadline in good faith and that extending the Rule 16 deadline will not prejudice Plaintiffs.

Federal Rule of Civil Procedure 16 permits the Court to modify a case schedule "only for good cause.[1]" Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment of the deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

---

[1] Trans Ocean is incorrect in claiming that it does not seek to modify a case schedule. The deadline for serving pretrial statements is directly based upon the deadline by which the parties are required to submit a joint pretrial order. LCR 16(i).

ORDER – 3

Trans Ocean fails to explain why the email address to which Plaintiffs sent their pretrial statement has any bearing upon its independent responsibility to comply with LCR 16(i).  The deadline supplied by that rule is set in relation to the pretrial order deadline; it is not triggered by the receipt of a plaintiff's pretrial statement.  LCR 16(i) ("Not later than 20 days prior to the filing of the proposed pretrial order, each defense counsel shall serve upon counsel for all other parties a brief [pretrial] statement . . . .").  Even so, Plaintiffs are correct that only one attorney from Trans Ocean's law firm has entered a notice of appearance in this Court—that being the case, it was wholly proper for Plaintiffs to send their pretrial statement to that attorney.

Trans Ocean has not established good cause to justify an extension.  It purports to have acted in good faith and that Plaintiffs will not be prejudiced.  But Trans Ocean fails to show that it acted diligently or that its lack of diligence is outweighed by any other factor.  In fact, Trans Ocean compounds its lack of diligence with a lack of professionalism.  Rather than forthrightly acknowledge its own oversight, counsel for Trans Ocean somehow perceives that Plaintiffs are at fault for sending their pretrial statement to his own email address.  The Court **DENIES** Trans Ocean's motion.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Trans Ocean's Motion for Protective Order Regarding Retaliation (Dkt. # 91) and Motion for Relief from Deadline for Pretrial Order (Dkt. # 93).


DATED this 8th day of March, 2017.


Richard A Jones
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4