HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

    v.

SERAPIA MATAMOROS, *et al.*,

          Plaintiff-Intervenors,

    v.

TRANS OCEAN SEAFOODS, INC.,

          Defendant.

Case No. 15-1563-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission and Plaintiff-Intervenors' (collectively, "Plaintiffs") Motions in Limine. Dkt. # 99.  For the reasons that follow the Court **GRANTS in part** and **DENIES in part** the motions.

## II.  BACKGROUND

Plaintiffs allege that Defendant Trans Ocean Seafoods, Inc. ("Trans Ocean") engaged in illegal discriminatory and retaliatory practices against certain individuals employed to harvest shellfish on tidal flats near Mt. Vernon and Bellingham, Washington.  Dkt. # 1 at 3-7.  Plaintiff-Intervenors are among the victims of these alleged

ORDER – 1

1

2

practices.  Dkt. # 11.  Discovery has closed, the dispositive motions deadline has passed, and trial is set for March 27, 2017.

### III.  LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  To resolve such motions, the Court is guided by Federal Rules of Civil Procedure 401 and 403.  Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  But the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

### IV.  DISCUSSION

#### A.    Immigration Status

Plaintiffs move to exclude "any inquiry, evidence, argument, suggestion or mention of the immigration status, work authorization, or documents that indicate such information of Plaintiffs-Intervenors, Claimant, their family members, or their witnesses."  Dkt. # 99 at 2-4.  Trans Ocean opposes the motion, arguing that the immigration status of certain claimants is relevant and that introducing this evidence poses "essentially no danger" because Skagit County and King County, Washington are "sanctuary counties" that do not cooperate with Immigration and Customs Enforcement.  Dkt. # 115 at 4.

The Court **GRANTS in part** and **RESERVES in part** Plaintiffs' motion.  The Court excludes all evidence concerning the immigration status of any party, claimant, witness, or other individual implicated in this matter.  Trans Ocean asserts that one of the claimants, Ms. Sanchez Perea, lied about her age on her I-9 form and that Plaintiffs'

ORDER – 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

requested relief would preclude efforts to impeach her.  At this time, the Court leaves open the possibility that Ms. Perea's I-9 form may be redacted such that it would be admissible for the limited purpose of impeachment.  A redacted version of the I-9 form must eliminate any and all information about Ms. Perea's immigration status.  The Court thus **RESERVES** ruling on the narrow issue of whether a properly redacted version of Ms. Perea's I-9 form will be admitted for the limited purpose of impeachment.  **If Trans Ocean wishes to use the form at trial, then within seven (7) days from the date of this Order, Trans Ocean is ordered to serve upon Plaintiffs for inspection a proposed redacted version of Ms. Perea's I-9 form.**

Trans Ocean's remaining assertions of relevance are unpersuasive.  For example, it speculates that claimants may have brought this action for the purpose of acquiring U visas.  Trans Ocean, however, offers no meaningful evidence to substantiate this claim. Even in cases where immigration status does carry some degree of weight, it poses a serious risk of unfair prejudice under Rule 403.  *See, e.g.*, *Salas v. Hi-Tech Erectors*, 230 P.3d 583, 587 (Wash. 2010) (holding that trial court abused its discretion by admitting probative information about a plaintiff's immigration status when doing so was outweighed by the risk of unfair prejudice).

As for Trans Ocean's contention that immigration is not a concern given the sanctuary status of Skagit County and King County, the Court finds that Trans Ocean is estopped from this line of reasoning.  In a previous motion, Trans Ocean relied extensively on the "current political climate" as engendering a "palpable reason" for witnesses to "fear for their safety and their families."  Dkt. # 91 at 3.  In support of that motion, Trans Ocean submitted several articles reporting on the extent to which immigration has dominated recent headlines and cultivated fear among numerous communities.  Dkt. ## 92-6, 92-7, 92-8, 92-9.  All of those articles discuss the new administration's plans to remove current protections in place for certain undocumented immigrants.  *Id*.  It is disingenuous for Trans Ocean to now argue that sanctuary counties

ORDER – 3

are places where "there is essentially no danger that the jury in this case would alter its decision based on information about the charging parties' immigration status." Dkt. # 115 at 4.  Indeed, even the article that Trans Ocean submits in support of its opposition to Plaintiffs' motion in limine undermines its position.  That article states: "President Donald Trump has ordered cuts in federal grants for cities that offer safe harbor for undocumented immigrants."  Dkt. # 116-3 at 2.

### B.   Sexual Behavior Outside of Workplace

Plaintiffs move to exclude "testimony, evidence, comment, argument and questioning regarding the sexual behavior and predisposition of Claimants in this lawsuit, other than such information involved in direct conversations or contact with the alleged harasser."  Dkt. # 99 at 4-6.  Trans Ocean opposes the motion, asserting that it "reserves the right to question witnesses regarding sexual relationships between coworkers to show bias or motivation to collude against Trans Ocean."  Dkt. # 115 at 5.

The Court **GRANTS** Plaintiffs' motion.  Trans Ocean's assertions of relevance are speculative and unsupported.  *See, e.g.*, *id.* (questioning "whether two of the charging parties were involved in sexual relationships with one another" but offering no evidence). Trans Ocean's assertion that Plaintiffs' sexual reputations are fair game because they placed them at issue is equally without merit.  In any event, Rule 412's broad restriction on the use of a victim's sexual predisposition or behavior in civil cases bars the evidence that Trans Ocean seeks to present: "In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."  Fed. R. Evid. 412.  Trans Ocean has not shown that the probative value of evidence about the sexual behavior or predisposition of any witness would outweigh the danger of unfair prejudice.

### C.   Pre-2011 and Post-Employment Domestic Violence

Plaintiffs move to exclude "testimony, argument or other evidence relating to domestic violence allegedly experienced by Claimants, their family members, or their

ORDER – 4

witnesses prior to 2011, when the incidents alleged in the complaint began, and after the Claimants no longer worked at Trans Ocean." Dkt. # 99 at 6-8. Trans Ocean opposes the motion, claiming that a February 13, 2005 police report detailing domestic violence suffered by one the claimants, Ms. Serapia Matamoros, is admissible for impeachment purposes. Dkt. # 115 at 5-6.

The Court **GRANTS** Plaintiffs' motion. The events detailed in the police report occurred on February 13, 2005, long before the events alleged in this action, which began in 2011. *See* Dkt. # 116-5. Trans Ocean contends that it will use this 2005 report to "demonstrate inconsistencies in Ms. Matamoros's behavior" and "potentially impeach her ex-husband." Dkt. # 115 at 6. Trans Ocean's vague assertion that it will use the report to present evidence about Ms. Matamoros's "behavior" squarely implicates Rule 404's prohibition on the use of impermissible character evidence. Trans Ocean's assertion that it will use the report to "potentially impeach" Ms. Matamoros's ex-husband is similarly vague and otherwise insufficient to justify using a six-year-old police report containing sensitive matters that would likely confuse or mislead the jury, create the possibility of unfair prejudice, or waste time. *See* Fed. R. Evid. 403.

### D.  Prior or Subsequent Employment

Plaintiffs move to exclude "testimony, argument or other evidence of the employment of any of the Claimants by entities other than Defendant." Dkt. # 99 at 8-10. Trans Ocean opposes the motion on the basis that whether the claimants' other employers "had written harassment policies is relevant to whether Plaintiffs understand the requirements on the businesses to have written policies." Dkt. # 115 at 7.

The Court **GRANTS** Plaintiffs' motion. The Court discerns no reasonably conceivable scenario in which evidence about the claimants' other employers could make any fact of consequence in this action more or less probable. *See* Fed. R. Evid. 401. The Court fails to see how Plaintiffs' degree of understanding about requirements to maintain written policies is a fact of consequence concerning Trans Ocean's liability under anti-

ORDER – 5

discrimination statutes.

**E.    Medical Condition or Medical Records**

Plaintiffs move to exclude "evidence or testimony regarding medical conditions or medical records regarding any Claimant."  Dkt. # 99 at 10-12.  Trans Ocean opposes the motion, asserting that it has relevant, admissible evidence of Plaintiffs' medical records.  Dkt. # 115 at 8-9.  As its only example, Trans Ocean contends, without support, that it "could introduce evidence regarding Plaintiff Serapia Matamoros's medical condition as it pertained to her worker's compensation claim" and that this evidence may have impeachment value.  *Id.* at 9.

The Court **GRANTS** Plaintiffs' motion.  Once again, Trans Ocean opposes a meritorious motion to exclude irrelevant, unfairly prejudicial evidence with a vague, unsupported hypothetical in which sensitive material potentially could be used to impeach a witness.

**F.    Other Litigation**

Plaintiffs move to exclude "all testimony, evidence, comment, argument and questioning at trial of the wage and hour lawsuit that two of the Claimants' filed against Defendant in Skagit County Superior Court."  Dkt. # 99 at 12-13.  Trans Ocean opposes the motion on the basis that Plaintiffs filed both the instant action and their Skagit County within a suspiciously short timeframe, even though the conduct at issue in both actions had been occurring for years.  Dkt. # 115 at 9-10.  Trans Ocean contends it is plausible to infer from this short timeframe that Plaintiffs were improperly motivated by the desire to "maximize their efficiency and potential payouts."  *Id.* at 10.

The Court **GRANTS** Plaintiffs' motion.  Their Skagit County action has no bearing on the instant matter.  Any effort to persuade the jury to draw a negative inference from the dates on which the two actions were filed would be speculative at best and, more likely, violate Rule 403's restriction on evidence that would confuse or mislead the jury.

ORDER – 6

### G.  Employees Not Subjected to a Sexual Harassment or Retaliation

Plaintiffs move to exclude "evidence or argument at trial regarding current or former Trans Ocean employees who assert they have not been subjected to a sexually hostile or retaliatory work environment." Dkt. # 99 at 13-15. Trans Ocean opposes the motion.

The Court **RESERVES** ruling on Plaintiffs' motion. The Court will allow limited argument at the pretrial conference on the merits of this motion and will issue its ruling at that time.

### H.  Witnesses Not Timely Disclosed

Plaintiffs move to exclude "evidence and testimony offered by Pamela Rosende, Anacleto Cortez, Amelia Sanchez, Juan Diego Hernandez and Antonia Villegas, and any other witness Defendant did not disclose as required, including witnesses offered to impeach whose testimony has substantive probative value for Trans Ocean's defense." Dkt. # 99 at 15-18. Plaintiffs contend that, because Trans Ocean did not disclose these witnesses in accordance with Rule 26(a), it should be precluded from presenting their testimony at trial, including for impeachment purposes. *Id.* Trans Ocean opposes the motion, contending that it plans to use these witnesses solely for impeachment. Dkt. # 115 at 11-12.

Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties" certain identifying information about "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(a) also requires a party to identify each witness "that it may present at trial other than solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A).

The issue is whether Trans Ocean, having failed to disclose these witnesses for substantive purposes in accordance with Rule 26(a), is now precluded from presenting those witnesses solely for impeachment purposes. The Court acknowledges that there is

ORDER – 7

a split among the circuits as to the meaning of the term "solely for impeachment" as it is used in Rule 26(a). "That is, when impeachment evidence also has substantive value, courts differ on whether a party may properly admit such evidence if it was not previously disclosed." *Stevens*, No. C6-720-LKK-EFB, 2007 WL 184816, at *2. To the Court's knowledge, the closest the Ninth Circuit has come to taking a stance on this issue is its decision in *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171-72 (9th Cir. 2008). In *Gribben*, the plaintiff appealed a district court's exclusion of witness testimony that he had offered "'strictly for impeachment purposes' and as to which he would have agreed to a limiting instruction." *Id.* at 1171. The Ninth Circuit held that the district court had erred by excluding this testimony "because impeachment evidence does not have to be revealed in pretrial disclosures." *Id.* at 1171-72.

The Court interprets the Ninth Circuit's decision in *Gribben* as more closely aligned with the view that, where evidence has both substantive and impeachment value, but was not disclosed in accordance with Rule 26(a), district courts must nevertheless admit the evidence solely for impeachment purpose. The Court finds it significant that the plaintiff in *Gribben* had readily agreed to a limiting instruction. The need for such an instruction indicates that, in addition to its impeachment value, the testimony had substantive evidentiary value. Indeed, in the underlying district court order, the court characterized the testimony as follows: "[T]his is not evidence that is 'solely for impeachment.' This is contradictory substantive evidence. . . ." *Gribben v. United Parcel Serv., Inc.*, No. C4-2814-PHX-FJM, 2006 WL 1600378, at *2 (D. Ariz. June 5, 2006), *aff'd in part and remanded*, 528 F.3d 1166 (9th Cir. 2008).

Accordingly, the Court **DENIES** Plaintiffs' motion. For the purpose of impeachment only, Trans Ocean is permitted to present testimony from Pamela Rosende, Anacleto Cortez, Amelia Sanchez, Juan Diego Hernandez and Antonia Villegas. If any of these individuals testifies at trial, the Court will instruct the jury that their testimony may be considered solely its impeachment value. **To this effect, Trans Ocean is**

ORDER – 8

**ORDERED to provide a precise and specific description of what testimony is being impeached and by whom and, further, to obtain approval from the Court prior to presenting these witnesses for any impeachment purpose.  The parties are further ORDERED to include in their proposed jury instructions an agreed-upon instruction concerning the limited purpose for which the jury may consider testimony from these witnesses.**

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** EEOC and Plaintiff-Intervenors' Motions in Limine.  Dkt. # 99.  In doing so, Court reminds the parties that an attorney or witness who violates any of the above evidentiary rulings runs the risk of opening the door to the admission of evidence that would otherwise be precluded by this Order.

DATED this 16th day of March, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9