1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**THE HONORABLE RICHARD A. JONES**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　Plaintiff,<br>　　　　　　　and, | CIVIL ACTION NO. 15-01563 RAJ |
| SERAPIA MATAMOROS PEREA, ELENA PEREA OLEA, CELIA SANCHEZ PEREA, | LCR 51 JOINT INSTRUCTIONS |
| 　　　　Plaintiffs-Intervenors,<br>　　　　　　v. | TRIAL DATE: March 27, 2017 |
| TRANS OCEAN SEAFOODS, INC., dba NEW ENGLAND SHELLFISH ,<br><br>　　　　Defendant**.** |  |

The parties respectfully submit the following Joint Instructions pursuant to LCR 51(f).

\\
\\

DATED this 20th day of March, 2017.

JOINT INSTRUCTIONS – Page 1
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

By: s/ Carmen Flores
Carmen Flores
Equal Employment Opportunity Commission
900 First Avenue, Suite 400
Facsimile (206) 220-6911
Telephone (206) 220-6853

By: /s/ Teri Healy
Teri Healy
Equal Employment Opportunity Commission
900 First Avenue, Suite 400
Facsimile (206) 220-6911
Telephone (206) 220-6853

*Attorneys for Plaintiff EEOC*

By: s/ Alyson Dimmitt Gnam
Alyson Dimmitt Gnam
Northwest Justice Project
300 Okanogan Ave., Ste. 3A
Wenatchee, Washington 98801
Telephone: (509) 664-5101
Email: alysond@nwjustice.org

By: /s/ Mary Welch
Mary Welch
Northwest Justice Project
1814 Cornwall Ave.
Bellingham, WA  98225
Telephone: (206) 707-0826
Email: maryw@nwjustice.org

*Attorneys for Plaintiffs-Intervenors*

By: s/ Aaron Rocke
Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
Telephone: (206) 652-8670
Email: aaron@rockelaw.com

*Attorney for Defendant*

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# TABLE OF CONTENTS

| No. | Title | Source | Page No. |
|---|---|---|---|
| 1 | Duty of Jury – Find Facts and Follow Law | Court's Proposed Preliminary Instruction No. 1 | 5 |
| 2 | Burden of Proof-Preponderance of the Evidence | Adapted from Court's Proposed Preliminary Instructions No. 3; Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 1.6; and 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 104:01 (6th ed.). | 6 |
| 3 | What Is Evidence | Court's Proposed Preliminary Instruction No. 4 | 7 |
| 4 | What Is Not Evidence | Court's Proposed Preliminary Instruction No. 5 | 8 |
| 5 | Ruling on Objections | Court's Proposed Preliminary Instruction No. 7 | 9 |
| 6 | Credibility of Witnesses | Court's Proposed Preliminary Instruction No. 8 | 10 |
| 7 | Bench Conferences | Court's Proposed Preliminary Instruction No. 9 | 12 |
| 8 | Taking Notes | Court's Proposed Preliminary Instruction No. 10 | 13 |
| 9 | No Transcript Available to Jury | Court's Proposed Preliminary Instruction No. 11 | 14 |
| 10 | Conduct of Jury-Outside Information | Court's Proposed Preliminary Instruction No. 12 | 15 |
| 11 | Outline of Trial | Court's Proposed Preliminary Instruction No. 13 | 18 |
| 12 | Jury Conduct During Break | Court's Proposed Preliminary Instruction No. 14 | 19 |
| 13 | Use of Interrogatories | Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.11. | 20 |
| 14 | Use of Requests for Admissions | Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.12. | 21 |
| 15 | Deposition in Lieu of Live Testimony | Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.4. | 22 |
| 16 | Foreign Language Testimony | Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.8. | 23 |
| 17 | Immigration Status | *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 94-95 (1973); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 n.4 (9th Cir. 2004), *EEOC v. Tortilleria La Mejor*, 758 F.Supp. 585, 587-590 (E.D. Cal. 1991) (holding that "the protections of Title VII were intended by Congress to run to aliens, whether documented or not, who are employed within the United States"). | 24 |

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

| No. | Title | Source | Page No. |
|---|---|---|---|
| 18 | Federal Hostile Work Environment-Harassment Because of Protected Characteristics-Elements | Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 10.5. | 25 |
| 19 | State Law-Workplace Harassment-General | Adapted from Washington Pattern Jury Instructions Civil § 330.21 (6th ed.). | 27 |
| 20 | State Law-Workplace Harassment-Hostile Work Environment-Burden of Proof | Adapted from Washington Pattern Jury Instructions Civil § 330.23 (6th ed.); RCW 49.60.040(25); RCW 49.60.180(3). | 28 |
| 21 | When the Alleged Conduct Affects the Terms or Conditions of Employment | Official Comment to WPI 330.23; *Glasgow v. Georgia-Pacific Corp.*, 103 Wn.2d at 406-407; Schonauer v. DCR Entertainment, Inc., 79 Wn.App. 808, 820, 905 P.2d 392 (1995)(quoting *Harris v. Forklift Systems*, 510 U.S. 17, 20 (1993)). | 30 |
| 22 | "Adverse Employment Action" in Retaliation Cases | Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 10.10 | 31 |
| 23 | State Law-Employment Discrimination-Retaliation | Washington Pattern Jury Instructions Civil § 330.05 (6th ed.). | 32 |
| 24 | Punitive Damages-Amount | Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 5.5. | 34 |
| 25 | Return of Verdict | Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 3.5. | 35 |
| 26 | Evidence for a Limited Purpose | Adapted from Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 1.11. | 36 |

JOINT INSTRUCTIONS – Page 4
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 1

### Duty of Jury – Find Facts and Follow Law

Members of the jury, you are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Court's Proposed Preliminary Instruction No. 1.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 2

### Burden of Proof – Preponderance of the Evidence

The Plaintiffs have the burden in this civil action to prove every essential element of their claims by a preponderance of the evidence.  If the Plaintiffs should fail to establish any essential element of their claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Adapted from Court's Proposed Preliminary Instruction No. 3; Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 1.6; and 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 104:01 (6th ed.).

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 3

### What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I may instruct you to accept as proved.

<u>Authority:</u> Court's Proposed Preliminary Instruction No. 4

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 4

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority:</u> Court's Proposed Preliminary Instruction No. 5.

JOINT INSTRUCTIONS – Page 8
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 5

### Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:  Court's Proposed Preliminary Instruction No. 7.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 6

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness's memory;

3.     The witness's manner while testifying;

4.     The witness's interest in the outcome of the case, if any;

5.     The witness's bias or prejudice, if any;

6.     Whether other evidence contradicted the witness's testimony;

7.     The reasonableness of the witness's testimony in light of all the evidence; and

8.     Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>Authority:</u>  Court's Proposed Preliminary Instruction No. 8.

JOINT INSTRUCTIONS – Page 11
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 7

### Bench Conferences

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  Court's Proposed Preliminary Instruction No. 9.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 8

## Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority:  Court's Proposed Preliminary Instruction No. 10.

JOINT INSTRUCTIONS – Page 13
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 9

### No Transcript Available to Jury

During deliberations, you will have to make your decision based on what you recall of the evidence.  I urge you to pay close attention to the testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

<u>Authority:</u>  Court's Proposed Preliminary Instruction No. 11.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 10

## Conduct of the Jury-Outside Information

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JOINT INSTRUCTIONS – Page 16
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1

2   <u>Authority:</u>  Court's Proposed Preliminary Instruction No. 12.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6883**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**

# INSTRUCTION NO. 11

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Authority:</u> Court's Proposed Preliminary Instruction No. 13.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 12

### Jury Conduct During Break

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.


Authority:  Court's Proposed Preliminary Instruction No. 14.

JOINT INSTRUCTIONS – Page 19
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 13

## Use of Interrogatories

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written discovery requests submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.


Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.11.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## INSTRUCTION NO. 14

### Use of Requests for Admissions

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.


Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.12.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 15

### Deposition in Lieu of Live Testimony

Only to be read before a deposition is to be read.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.4.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 16

Foreign Language Testimony

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the [*specify the foreign language*] language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the [*specify the foreign language*] language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Authority:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 2.8.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 17

### Immigration Status

You must not make any assumptions about the immigration status of a witness or a party. The law protects all workers from unlawful discrimination and retaliation whether or not they are United States citizens.


Authority:  *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 94-95 (1973); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 n.4 (9th Cir. 2004), *EEOC v. Tortilleria La Mejor,* 758 F.Supp. 585, 587-590 (E.D. Cal. 1991) (holding that "the protections of Title VII were intended by Congress to run to aliens, whether documented or not, who are employed within the United States").

JOINT INSTRUCTIONS – Page 24
(15-01563 RAJ)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 18

## Federal Hostile Work Environment – Harassment Because of Protected

## Characteristics - Elements

Plaintiff's first claim alleges employment discrimination based on the federal law.
Plaintiffs seek damages against Trans Ocean for maintaining a sexually hostile work
environment.  In order to establish a sexually hostile work environment, the Plaintiffs must prove
each of the following elements by a preponderance of the evidence:

1. The Claimant was subjected to sexually charged verbal comments, advances, requests
   for sexual conduct, intimidation of a sexual nature, or physical conduct of a sexual
   nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the
   Claimant's employment and create a sexually abusive or hostile work environment;

4. The Claimant perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the Claimant's circumstances would consider the working
   environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined
by looking at the totality of the circumstances, including the frequency of the harassing conduct,
the severity of the conduct, whether the conduct was physically threatening or humiliating or a
mere offensive utterance, and whether it unreasonably interfered with an employee's work
performance.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

1

2

<u>Authority</u>:  Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 10.5.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 19

## State Law-Workplace Harassment-General

A second claim is brought by the Plaintiffs-Intervenors in this case: Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea.  This claim is under Washington State law.

Harassment on the basis of sex is also unlawful employment discrimination under Washington Law. Plaintiffs-Intervenors Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have brought claims for sexual harassment under state law in addition to claims under federal law.

<u>Authority:</u> Adapted from Washington Pattern Jury Instructions Civil § 330.21 (6th ed.).

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 20

## State Law-Workplace Harassment-Hostile Work Environment-Burden of Proof

To establish their claims of harassment on the basis of sex under Washington law, Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have the burden of proving each of the following:

(1) That there was language or conduct of a sexual nature, or that occurred because of the Plaintiffs' sex;

(2) That this language or conduct was unwelcome in the sense that Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Serapia Matamoros', Elena Perea Olea's, and Celia Sanchez Perea's employment; and

(4) Either:

    (a) That management knew, through complaints or other circumstances, of this conduct or language, and Trans Ocean failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

    (b) That management should have known of this harassment, because it was so pervasive or through other circumstances, and Trans Ocean failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Serapia Matamoros, Elena Perea Olea, and

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Celia Sanchez Perea on this claim. On the other hand, if any of these propositions has not been proved by a preponderance of the evidence, your verdict should be for Trans Ocean on this claim.

<u>Authority:</u> Adapted from Washington Pattern Jury Instructions Civil § 330.23 (6th ed.); RCW 49.60.040(25); RCW 49.60.180(3).

**EQUAL EMPLOYMENT**
**OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington  98104-1061**
**Telephone:  (206) 220-6883**
**Facsimile:  (206) 220-6911**
**TDD:  (206) 220-6882**

# INSTRUCTION NO. 21

## When the Alleged Conduct Affects the Terms or Conditions of Employment Under State Law

Under state law, the alleged conduct affects the terms or conditions of employment if it is sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.

In evaluating whether the alleged conduct affected the terms or conditions of employment, you must consider the totality of the circumstances including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive occurrence; and whether it unreasonably interferes with an employee's work performance.

Authority: Official Comment to WPI 330.23; *Glasgow v. Georgia-Pacific Corp.*, 103 Wn.2d at 406-407; Schonauer v. DCR Entertainment, Inc., 79 Wn.App. 808, 820, 905 P.2d 392 (1995)(quoting *Harris v. Forklift Systems*, 510 U.S. 17, 20 (1993)).

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 22

## "Adverse Employment Action" in Retaliation Cases

Under federal law an action is an adverse employment action if it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Authority:  Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 10.10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 23

### State Law-Employment Discrimination-Retaliation

Under Washington state law, it is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of sex and providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by Trans Ocean, Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea each have the burden of proving each of the following propositions:

(1) That each Plaintiff-Intervenor was opposing what she reasonably believed to be discrimination on the basis of sex or were participating in a proceeding to determine whether discrimination or retaliation had occurred; and

(2) That a substantial factor in:

- subjecting her to harassing and sexual conduct

- disciplining or threating to discipline her;

-  failing to credit her with all the clams she harvested;

- preventing Serapia Matamoros from working

- threatening to assault Serapia Matamoros; and

- failing to rehire Celia Sanchez Perea

was their opposition to what they reasonably believed to be discrimination or retaliation or participating in a proceeding to determine whether discrimination or retaliation had occurred.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

If you find from your consideration of all of the evidence that each of these propositions has been proved for one of the Plaintiffs-Intervenors, then your verdict should be for that Plaintiff-Intervenor on this claim. On the other hand, if any one of these propositions has not been proved by a preponderance of the evidence, your verdict should be for Trans Ocean on the claim.

Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea do not have to prove that her opposition or participation in the proceeding were the only factor or the main factor in Trans Ocean's decision, nor do Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have to prove that she would not have been harassed, disciplined, threatened, or not hired but for her opposition or participation.

Authority: Washington Pattern Jury Instructions Civil § 330.05 (6th ed.).

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 24

### Punitive Damages-Amount

You must decide the amount to be awarded to the Plaintiffs in punitive damages.  The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. You must use reason in setting the amount.  Punitive damages should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.

Authority:  Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 5.5.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

# INSTRUCTION NO. 25

## Return of Verdict

A verdict form has been prepared for you.  You will take this verdict form to the jury room.  You will note that the form includes a number of questions which call for a "yes" or "no" answer.  It is important that you answer the questions in the order in which they appear on the form, except where the verdict form indicates otherwise.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority:  Adapted from the Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 3.5.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## INSTRUCTION NO. 26

### Evidence for a Limited Purpose

[This instruction should only be read to the jury only if Anacleto Cortez, Amelia Sanchez, Juan Diego Hernandez, Antonia Villegas, or Pamela Rosende are permitted to testify. It should be read prior to their testimony.]

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you are about to hear may be considered only for the limited purpose of impeachment and not for any other purpose.

Authority: Adapted from Manual of Model Jury Instructions for the Ninth Circuit, 2007 Edition, Civil Jury Instruction 1.11.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the United States of America and the State of Washington, that on March 20, 2017, I caused to be emailed the foregoing document to the following persons via ECF:

Carmen Flores: carmen.flores@eeoc.gov

Teri Healy: teri.healy@eeoc.gov

Aaron Rocke:  Aaron@rockelaw.com

Jeremy Bartels: jeremy@rockelaw.com

And sent by U.S. Mail, 1st class, postage prepaid to:

Saul Martinez
305 W. Stewart Rd., #3
Mount Vernon, WA  98273


DATED: March 20, 2017, at Bellingham, Washington.

/s/ Alyson Dimmitt Gnam
Attorney for Plaintiffs-Intervenors
Northwest Justice Project
300 Okanogan Ave. Ste. 3A
Wenatchee, Washington 98801
Telephone: (509) 381-2317
Email: alysond@nwjustice.org

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882