HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

   v.

SERAPIA MATAMOROS, *et al.*,

        Plaintiff-Intervenors,

   v.

TRANS OCEAN SEAFOODS, INC.,

        Defendant.

Case No. C15-1563-RAJ

**COURT'S JURY
INSTRUCTIONS**

Given in open court this 19th day of April, 2017.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

JURY INSTRUCTIONS – 1

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTIONS – 2

## INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that are admitted into evidence;

3. Any facts to which the lawyers have agreed; and

4. Any facts that I have instructed you to accept as proved.

JURY INSTRUCTIONS – 3

## INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTIONS – 4

**INSTRUCTION NO. 4**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTIONS – 6

1

**INSTRUCTION NO. 6**

2
Evidence was presented to you in the form of admissions to the truth of certain

3
facts. You must treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 7**

Some evidence may be admitted only for a limited purpose.

You have heard evidence from Anacleto Cortez, Amelia Sanchez, Juan Diego Hernandez, Antonia Villegas, and Pamela Rosende.  This testimony was admitted for the limited purpose of impeachment and not for any other purpose.

JURY INSTRUCTIONS – 8

**INSTRUCTION NO. 8**

You have heard testimony of a witness who testified in the Spanish or Mixteco language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish or Mixteco language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

JURY INSTRUCTIONS – 9

## INSTRUCTION NO. 9

You must not make any assumptions about the immigration status of a witness or a party. The law protects all workers from unlawful discrimination and retaliation whether or not they are United States citizens.

**INSTRUCTION NO. 10**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 11**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTIONS – 12

**INSTRUCTION NO. 12**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 13**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs ("EEOC" and "Plaintiff-Intervenors" Serapia Matamoros Perea, Elena Perea Olea, and Celia Sanchez Perea) claim that Trans Ocean Seafoods, Inc. ("Trans Ocean" or "Defendant") violated their legally protected right to work free from sexual harassment and retaliation.

Specifically, Plaintiffs allege that Trans Ocean permitted its Beach Manager Bartolo Pilar Robles ("Pilar") and other male employees to sexually harass female workers without consequence. Plaintiffs allege that Mr. Pilar and other male employees created a sexually hostile work environment at Trans Ocean for years and that Trans Ocean did not stop the sexual harassment after it knew or should have known of the harassment. Plaintiffs also allege that after Serapia Matamoros Perea ("Serapia Matamoros"), Celia Sanchez Perea, and Elena Perea Olea complained about sexual harassment, Trans Ocean allowed Mr. Pilar and other male employees to retaliate against them because they complained. The Plaintiffs have the burden of proving these claims.

EEOC has also alleged that the work conditions were so intolerable that class member Maricela Dominguez felt compelled to resign.

Plaintiffs allege that they suffered harm as a direct consequence of the sexually hostile work environment maintained at Trans Ocean.

Trans Ocean denies those claims. Trans Ocean alleges that none of its employees harassed the Plaintiffs and that it took corrective action to prevent harassment.

Next, Trans Ocean claims that that it did not take any retaliatory actions towards Plaintiffs or allow its employees to commit any retaliation against Plaintiffs. There were legitimate reasons for its decisions, such as Plaintiffs' honesty and productivity.

Trans Ocean also claims that any decision by any of the Plaintiffs to separate from their employment relationship were for their personal reasons and not caused by Trans

JURY INSTRUCTIONS – 14

Ocean.

Trans Ocean also raises an affirmative defense, which applies only to the issue of punitive damages. Trans Ocean contends that, if a violation of law occurred, such violation was contrary to its polices and good-faith efforts to comply. Trans Ocean has the burden of proof on this affirmative defense.

**INSTRUCTION NO. 14**

The first claim alleges employment discrimination based on federal law. This claim is brought by EEOC and Plaintiff-Intervenors (collectively, "Plaintiffs"). Plaintiffs seek damages against Trans Ocean for maintaining a sexually hostile work environment. In order to establish a sexually hostile work environment, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Plaintiff was subjected to sexually charged verbal comments, advances, requests for sexual conduct, intimidation of a sexual nature, or physical conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a sexually abusive or hostile work environment;

4. the Plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the Plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

JURY INSTRUCTIONS – 16

## INSTRUCTION NO. 15

Under federal law, for an employer to be held liable for a hostile work environment caused by a non-immediate supervisor or co-worker, a Plaintiff must prove both of the following elements by a preponderance of the evidence:

1. the Plaintiff was subjected to sexually hostile work environment by a non-immediate supervisor or co-worker; and

2. the Defendant or a member of the Defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment;

Under federal law, a person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the Plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the Plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management the complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The Defendant's remedial action must be reasonable and adequate. Whether the Defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the Plaintiff has proved both of the elements on which the Plaintiff has the burden of proof, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.

JURY INSTRUCTIONS – 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 16**

The second claim alleges employment discrimination based on Washington State law.  This claim is brought by Plaintiff-Intervenors.

Harassment on the basis of sex is unlawful employment discrimination under Washington State law. Plaintiff-Intervenors Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have brought this claim in addition to their claim under federal law.

JURY INSTRUCTIONS – 18

# INSTRUCTION NO. 17

Under Washington State law, to establish their claims of harassment on the basis of sex, Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have the burden of proving each of the following:

(1) That there was language or conduct of a sexual nature, or that occurred because of the Plaintiffs' sex;

(2) That this language or conduct was unwelcome in the sense that Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Serapia Matamoros', Elena Perea Olea's, and Celia Sanchez Perea's employment; and

(4) Either:

(a) That management knew, through complaints or other circumstances, of this conduct or language, and Trans Ocean failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

(b) That management should have known of this harassment, because it was so pervasive or through other circumstances, and Trans Ocean failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea on this claim. On the other hand, if any of these propositions has not been proved by a preponderance of the evidence, your verdict should be for Trans Ocean on this claim.

JURY INSTRUCTIONS – 19

1

2

**INSTRUCTION NO. 18**

Under Washington State law, a "manager" is a person who has the authority and power to affect hours, wages, and working conditions. "Management" means one or more managers.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS – 20

### INSTRUCTION NO. 19

Under Washington State law, the alleged conduct affects the terms or conditions of employment if it is sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.

In evaluating whether the alleged conduct affected the terms or conditions of employment, you must consider the totality of the circumstances including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive occurrence; and whether it unreasonably interferes with an employee's work performance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 20**

The third claim alleges retaliation under federal law.  This claim is brought by EEOC and Plaintiff-Intervenors (collectively, "Plaintiffs").  Plaintiffs seek damages against Trans Ocean for retaliation. Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea engaged in protected activity under federal law when they opposed, complained of, or sought remedies for behavior they reasonably believed was unlawful workplace discrimination;

2. the employer subjected them to adverse employment actions; and

3. they were subjected to the adverse employment action because of their opposition to the behavior.

A Plaintiff is "subjected to an adverse employment action" because of her activity when she opposed, complained of, or sought remedies for behavior she reasonably believed was unlawful workplace discrimination, if the adverse employment action would not have occurred but for that activity.

If you find that Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea have proved all three of these elements, your verdict should be for the Plaintiffs. If, on the other hand, the Plaintiffs have failed to prove any of these elements, your verdict should be for the Defendant.

**INSTRUCTION NO. 21**

Under federal law, an action is an adverse employment action if it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**INSTRUCTION NO. 22**

The fourth claim alleges retaliation under Washington State law.  This claim is brought by Plaintiff-Intervenors.  Under Washington state law, it is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of sex and providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred.

To establish a claim of unlawful retaliation by Trans Ocean, Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea each have the burden of proving each of the following propositions:

(1) That Plaintiff-Intervenor was opposing what she reasonably believed to be discrimination on the basis of sex or was participating in a proceeding to determine whether discrimination or retaliation had occurred; and

(2) That a substantial factor in:

- subjecting her to harassing and sexual conduct;

- disciplining or threatening to discipline her;

- failing to credit her with all the clams she harvested;

- preventing Serapia Matamoros from working;

- threatening to assault Serapia Matamoros; or

- failing to rehire Celia Sanchez Perea

was their opposition to what they reasonably believed to be discrimination or retaliation or participating in a proceeding to determine whether discrimination or retaliation had occurred.

If you find from your consideration of all of the evidence that each of these propositions has been proved for one of the Plaintiff-Intervenors, then your verdict should be for that Plaintiff-Intervenor on this claim. On the other hand, if any one of these propositions has not been proved by a preponderance of the evidence, your verdict should be for Trans Ocean on the claim.

JURY INSTRUCTIONS – 24

1

2       Serapia Matamoros, Elena Perea Olea, and Celia Sanchez Perea do not have to

3  prove that her opposition or participation in the proceeding were the only factor or the

4  main factor in Trans Ocean's decision, nor do Serapia Matamoros, Elena Perea Olea, and

5  Celia Sanchez Perea have to prove that she would not have been harassed, disciplined,

6  threatened, or not hired but for her opposition or participation.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS – 25

**INSTRUCTION NO. 23**

The fifth claim alleges constructive discharge under federal law.  This claim is brought by the EEOC on behalf of Maricela Dominguez.

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in the plaintiff's position would feel compelled to resign.

**INSTRUCTION NO. 24**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the Plaintiffs on a claim for sexual harassment, retaliation, or constructive discharge, you must determine each Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant.

You may award damages for emotional harm to the Plaintiff caused by the Defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

A Plaintiff's own testimony can establish the damages due to emotional harm.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 25**

If you find for the Plaintiffs on the federal claims of sexual harassment, retaliation or constructive discharge, you must decide whether Trans Ocean's conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. You must decide whether Trans Ocean harmed each Plaintiff in a way that was malicious or in reckless disregard of a Plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in "reckless disregard of a Plaintiff's rights" if, under the circumstances, it reflects complete indifference of the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. The terms "malice" and "reckless disregard" pertain not to the employer's awareness that it is engaging in discrimination, but to its knowledge that it may be acting in violation of federal law.

## INSTRUCTION NO. 26

An employer may avoid punitive damages if it can show that the challenged actions were not taken by senior managers and were contrary to the employer's good faith implementation of an effective antidiscrimination policy.

**INSTRUCTION NO. 27**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 28**

A verdict form has been prepared for you. You will note that the form includes a number of questions which call for a "yes" or "no" answer. It is important that you answer the questions in the order in which they appear on the form, except where the verdict form indicates otherwise. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**INSTRUCTION NO. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 30**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

JURY INSTRUCTIONS – 33

Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.

Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS – 34