**THE HONORABLE RICHARD A. JONES**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and<br><br>SERAPIA MATAMOROS PEREA, ELENA PEREA OLEA, and CELIA SANCHEZ PEREA,<br><br>Plaintiffs-Intervenors,<br>v.<br><br>TRANS OCEAN SEAFOODS, INC., dba NEW ENGLAND SHELLFISH,<br><br>Defendant. | Case No. 2:15-CV-01563-RAJ<br><br>**REPLY IN SUPPORT OF PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS PURSUANT TO 28 U.S.C. §§ 1920 & 1924**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**June 2, 2017** |

Plaintiff Equal Employment Opportunity Commission ("EEOC") is the prevailing party with respect to Maricela Dominguez's claim of constructive discharge against Defendant Trans Ocean Seafoods, Inc. ("Trans Ocean") because the jury found unanimously for EEOC on its claim for her. The Court should reject Trans Ocean's argument that the jury's finding for EEOC is somehow undermined by what Defendant characterizes as faulty jury instructions and a deficient verdict form, particularly when Defendant previously stated to the Court that it had no exceptions to either. *See* Declaration of Carmen Flores ("Flores Decl.") ¶ 2. As the prevailing

REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-
2:15-CV-01563-RAJ
Page 1 of 8

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

party on Ms. Dominguez's constructive discharge claim, EEOC is entitled to recover costs for deposition transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. §1920.

### A. EEOC Is The Prevailing Party On Ms. Dominguez's Constructive Discharge Claim.

"Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." Wright & Miller, *Federal Practice & Procedure,* § 2667. Because the jury found in favor of EEOC on its claim of constructive discharge for Maricela Dominguez, EEOC is the prevailing party on that claim. That the jury awarded $0 in damages does not foreclose that designation. *See*, *e.g*., *Manildra Mill. Corp. v. Ogilvie Mills, Inc*., 76 F.3d 1178 (Fed. Cir. 1996) (Patentee's competitor who received no money damages but obtained a declaration that patentee's patents were invalid and succeeded on the patentee's counterclaim for patent infringement damages was a "prevailing party" entitled to an award of costs) (citing Wright & Miller, *Federal Practice & Procedure* § 2667). Complete success is not required. A "prevailing party" is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000); *Barber v. T.D. Williamson, Inc.,* 254 F.3d 1223 (10th Cir. 2001) (Title VII plaintiff awarded $1 nominal damages was prevailing party).

Plaintiff is still considered the prevailing party even when only partially successful in seeking the relief, and achieves only some of the benefit sought by the litigation. *Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997), *cert. denied*, 523 U.S. 1122 (1998). "The degree of success is irrelevant to the question whether the plaintiff is the prevailing party." *Id.* Defendant argues that EEOC fails to acknowledge that the *Hashimoto* plaintiff was awarded injunctive relief. However, the issue of injunctive relief related to the constructive discharge verdict is a

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 2 of 8

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

remedy that this Court may still choose to grant.[1]

Moreover, the court should look to other factors beyond whether the jury awarded money damages, such as "'the significance of the legal issues on which the plaintiff claims to have prevailed' and the 'public purpose' the plaintiff's litigation served." *Id*. at 678, citing *Morales v. City of San Rafael,* 96 F.3d 359, 362–63 (9th Cir.1996); *Farrar v. Hobby*, 506 U.S. 103, 121 (1992) ("an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved") (citing *Carey v. Piphus,* 435 U.S. 247, 254, 98 S. (1978). As discussed in EEOC's moving brief, trial in this matter indeed served the EEOC's public-interest role as to Ms. Dominguez, who had not filed her own charge of discrimination and thus could not have filed suit herself under federal law. And as discussed in Plaintiffs-Intervenors' Response to Defendants Motion for Costs, this case fulfills two of the EEOC's Strategic Enforcement Plan Priorities of "Protecting Immigrant, Migrant and Other Vulnerable Workers" and "Preventing Harassment Through Systemic Enforcement and Targeted Outreach." *See* Dkt. No. 193 at 5:6-7:2; *see also*, *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 296 (2002) (whenever EEOC chooses from among the many charges filed each year to bring an enforcement

---

[1] If the Court enters final judgment consistent with Plaintiffs' proposed form of judgment deeming EEOC the prevailing party on Ms. Dominguez's claim, the EEOC may move for injunctive relief if the Court requests briefing. EEOC notes that the instant matter precedes entry of final judgment by the Court. Local Civil Rule 54(d)(1) provides that a party in whose favor a judgment is rendered must move for costs within twenty-one days after the entry of judgment. After Defendant filed its motion for costs on May 11, 2017, EEOC sought clarification from the Court as to whether the Court would enter judgment. On May 15, 2017, the Court ordered the parties to file proposed forms of judgments (Dkt. 184). Out of an abundance of caution, EEOC also submitted its motion for costs to adhere to relevant deadlines should the Court have considered entry of the jury's verdict as an entry of judgment. *See* Flores Decl. ¶ 4. However, entry of final judgment is pending together with disposition of Plaintiff-Intervenor Serapia Matamoros's sexual harassment claim, which resulted in a mistrial, and thus the Court may consider holding this motion in abeyance pending the retrial on Matamoros' sexual harassment claim.

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 3 of 8

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief).

Thus, a party need not prevail on every issue, or even on the "central issue" in the case, to be considered a "prevailing party." *Hashimoto,* 118 F.3d at 677; *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347-1348 (Fed. Cir. 2006). And where, as here, each of the parties has prevailed on one or more of its claims, defenses or counterclaims, the district court has broad discretion in taxing costs. *Cornwell Quality Tools Co. v. C. T. S. Company*, 446 F.2d 825, 833 (9th Cir.), *cert. denied*, 404 U.S. 1049, (1972); *Johnson v. Nordstrom-Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir. 1980); *E.E.O.C. v. Colgate-Palmolive Co.,* 617 F. Supp. 843, 844 (S.D.N.Y. 1985) (in action based on numerous discrete claims where EEOC prevailed on only two claims, defendant prevailed on seven claims, and the jury unable to return a verdict on one claim, EEOC allowed to recover one-third of its costs and Colgate allowed to recover two-thirds of its costs).

Trans Ocean asserts incorrectly that though the jury found in favor of EEOC as to Ms. Dominguez, it nevertheless made no finding against Defendant. *See* Dkt. No. 215 at 2. Trans Ocean's further assertion that no fault can be attributable to Defendant, despite the jury's verdict that the working conditions were so intolerable that a reasonable person in Ms. Dominguez's position would feel compelled to resign, is equally untenable and should also be summarily rejected. *See id*. at 1. Each of the claims brought forth in this action, including Ms. Dominguez's constructive discharge claim, was brought against Defendant Trans Ocean and no other party. The jury received a statement on who the parties were and their respective positions

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 4 of 8

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

in this litigation.  *See* Flores Decl. ¶ 3.  Defendant's suggestion that the court's instruction that EEOC's constructive discharge claim for Maricela Dominguez [Dkt. No. 160 at 26, Jury Instruction 23] was inadequate to instruct the jury that the claim is against Trans Ocean, as opposed to Bartolo Pilar, is pure conjecture and should be rejected by this Court.  *See* Dkt. No. 215 at 1, 2.  This is particularly so where Defendant stated no exceptions with respect to the Court's proposed jury instruction on constructive discharge and specifically represented to the Court that it found the corresponding verdict form adequate as written.  *See* Flores Decl. ¶ 2.

Accordingly, the EEOC prevailed on its constructive discharge claim brought on behalf of Ms. Dominguez and is entitled to recover costs for deposition transcripts necessarily obtained for use in the case with respect to her claim.

### B. Deposition Transcripts Were Necessarily Obtained For Use In The Case

28 U.S.C. §1920 allows the right to recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  This language has been regularly interpreted to mean that in order for the transcript costs to be recoverable, the transcript must be used at trial, used to materially advance the development of the litigation, or used as part of the pretrial preparation of the case.  *See Arboireau v. Adidas Salomon AG,* 2002 WL 31466564, at *5 (D. Or. June 14, 2002) (citing *Independent Iron Works, Inc. v. U.S. Steel Corp.,* 322 F.2d 656, 678 (9th Cir), *cert denied,* 375 U.S. 922 (1963)); *Sea Coast Foods, Incorporated v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001); *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998).

Here, Ms. Dominguez's deposition was identified as a trial exhibit and was actually used at trial when Defendant attempted to impeach Ms. Dominguez with her previous testimony.  *See* Flores Decl. ¶ 5. In addition, costs are properly recoverable by EEOC where the taking of the deposition was a reasonable part of the EEOC's pretrial preparation of the case.  Plaintiffs used

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 5 of 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Ms. Dominguez's deposition in support of its motion *in limine* to exclude evidence at trial and offered excerpts of her deposition transcript as an exhibit in support of Plaintiffs' motion. *See* Dkt. No. 99 at 2:18-22; 7:21-8:1; Dkt. No. 100 ¶¶ 7-11; Dkt. No. 100-3. EEOC relied on Ms. Dominguez's deposition transcript to prepare its trial brief. *See* Flores Decl. ¶ 6; *see also* Dkt. No. 127 at 9:6-11:16. EEOC also used Ms. Dominguez's deposition when preparing Ms. Dominguez for trial given Defendant's stated intent of proffering a witness to impeach Ms. Dominguez on her deposition testimony. *See* Flores Decl. ¶ 7; Dkt. Nos. 100-4, 136; *see also*, *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir. 1984)(costs of depositions properly taxed regardless of whether each deposition was actually admitted at trial, since the depositions were used by counsel to structure their questioning of witnesses).

Moreover, EEOC is entitled to costs for the duplicate copy of Ms. Dominguez's deposition transcript. Here, the duplicate was a sealed copy of Ms. Dominguez's certified transcript necessarily obtained for use in the case at trial. Courts have interpreted sections 1920(2) and 1920(4) to authorize taxing the costs of deposition originals *and* deposition copies if necessarily obtained for the case. *Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990). *See also*, *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) ("section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost."); *Independent Iron Works, Inc. v. U.S. Steel Corp.,* 322 F.2d 656, 678 (9th Cir. 1963) (court had the power to tax the costs of copies of depositions for counsel's use even though the original of the depositions were on file). Taxation is therefore appropriate and should be awarded in the Court's broad discretion.

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 6 of 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## CONCLUSION

Given the foregoing, the EEOC respectfully requests that this Court grant its request for $364.50 in taxable costs.

RESPECTFULLY SUBMITTED this 2nd day of June, 2017.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | JAMES L. LEE<br>Deputy General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| CARMEN FLORES<br>Senior Trial Attorney | |
| TERI HEALY<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |

BY: */s/Carmen Flores*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, WA  98104-1061
Facsimile (206) 220-6911
Telephone (206) 220-6853

Attorneys for Plaintiff EEOC

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 7 of 8

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:   (206) 220-6911
TDD:          (206) 220-6882

## CERTIFICATE OF SERVICE

I hereby certify that on **June 2, 2017**, I electronically filed the forgoing "**REPLY IN SUPPORT OF PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS PURSUANT TO 28 U.S.C. §§ 1920 & 1924**" with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following individuals listed below:

Aaron Rocke, Aaron@rockelaw.com

Jeremy Bartels: jeremy@rockelaw.com

Mary Welch: maryw@nwjustice.org

Alyson Dimmitt Gnam: alysond@nwjustice.org

*/s/ Victoria Richardson*
VICTORIA RICHARDSON
EEOC Paralegal

**REPLY I/S/O PLAINTIFF EEOC'S MOTION FOR TAXABLE COSTS-**
2:15-CV-01563-RAJ
Page 8 of 8

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882