HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  v.

SERAPIA MATAMOROS, *et al.*,

    Plaintiff-Intervenors,

  v.

TRANS OCEAN SEAFOODS, INC.,

    Defendant.

Case No. 15-1563-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Trans Ocean Seafoods, Inc.'s ("Trans Ocean") Motion for Attorney's Fees. Dkt. # 180. For the reasons that follow, the Court **DENIES** Trans Ocean's motion.

## II. BACKGROUND

On September 30, 2015, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Trans Ocean alleging federal claims for sexual harassment, constructive discharge, and retaliation. Dkt. # 1 (Complaint). EEOC brought the action to seek relief for current and former employees of Trans Ocean,

ORDER – 1

Serapia Matamoros, Elena Perea Olea, Celia Sanchez Perea, and Maricela Dominguez.[1] Three of those employees, Serapia Matamoros, Elena Perea Olea, Celia Sanchez Perea, joined the lawsuit as Plaintiffs-Intervenors alleging federal and state claims against Trans Ocean for sexual harassment and retaliation. Dkt. # 12 (Intervenor Complaint).

The Court held a jury trial from March 27 to April 24, 2017. The jury reached a partial verdict. They deadlocked on the EEOC's federal sexual harassment claim seeking relief for Serapia Matamoros and Plaintiff-Intervenor Serapia Matamoros' federal and state sexual harassment claims. The Court declared a mistrial on those claims. The jury found against EEOC and Plaintiffs-Intervenors on all other claims. Now, Trans Ocean moves for attorneys' fees. Dkt. # 180. EEOC and Plaintiffs-Intervenors oppose the motion. Dkt. ## 191, 199.

### III. DISCUSSION

Title VII permits a prevailing party to recover attorneys' fees under certain circumstances:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). The threshold inquiry for the Court is whether the party seeking fees qualifies as the "prevailing party." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). EEOC and Plaintiffs-Intervenors do not dispute that Trans Ocean qualifies as a "prevailing party" for the purposes of requesting attorneys' fees.

"When a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434

---

[1] The EEOC also sought relief for Saul Martinez, but later amended its complaint to remove him as a charging party. Dkt. # 135 (Amended Complaint).

ORDER – 2

U.S. 412, 422 (1978)). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).

"In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 976 (9th Cir. 2011) (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)). "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg*, 434 U.S. at 422.

Applying this standard, the Court finds that neither EEOC nor Plaintiffs-Intervenors' claims were frivolous, unreasonable, or groundless. Much of Trans Ocean's argument to the contrary is foreclosed by the principle that the Court may not engage in post hoc reasoning. For example, Trans Ocean contends that the charging parties' allegations escalated after this lawsuit commenced and seeks to substantiate this contention through a chart comparing their initial allegations versus their testimony at trial. Trans Ocean also scrutinizes EEOC's trial strategy as disingenuous, maintains that it presented inconsistent and unreliable witness testimony, and purports that this case is part of an emerging trend by the EEOC to bring frivolous lawsuits. Lastly, Trans Ocean relies on the jury's verdict against many of EEOC's and Plaintiffs-Intervenors' claims as support for the deficiency of those claims. Trans Ocean's reliance on after-the-fact, post-complaint occurrences is immaterial to the *Christianburg* inquiry, which requires the Court to examine the feasibility of the complaint at the time it was filed. *See* 434 U.S. at 422; *Harris*, 631 F.3d at 976.

Trans Ocean fares no better in its other efforts to show that the EEOC's complaint was frivolous. Trans Ocean frames its primary argument under a non-exclusive three-

ORDER – 3

factor framework used by the Eleventh Circuit to determine whether an action is frivolous. Dkt. # 180 (citing *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (identifying three "general guidelines" for gauging the frivolousness of a claim: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits")). The Ninth Circuit has not adopted the Eleventh Circuit's three-factor test for frivolousness. Moreover, in reciting this framework, Trans Ocean cites only the first two factors and omits the third—a notable omission, as Trans Ocean never moved for pre-trial dismissal through Rule 12 or 56 and proceeded to a trial on the merits.

Trans Ocean spends much of its remaining analysis arguing that EEOC was unable to establish a prima facie as to each of its claims. But other than occasional criticisms of EEOC's pre-complaint investigation, Trans Ocean's analysis contains no meaningful argument that EEOC's allegations were wholly without merit at the time they were filed. Instead, Trans Ocean recites the elements of each claim and then asserts that EEOC was unable to make a prima facie showing as to certain of those elements. Once again, Trans Ocean appears to be relying on EEOC's trial presentation despite the explicit prohibition on considering such evidence.

This case differs from *E.E.O.C. v. Glob. Horizons, Inc.*, 100 F. Supp. 3d 1077 (E.D. Wash. 2015), a decision that Trans Ocean relies upon where the court concluded that an action filed by EEOC was frivolous. In *Global Horizons*, the court dismissed EEOC's lawsuit on summary judgment. Then, based on an extensive record of EEOC's pre-complaint investigation, *id.* at 1081-90, the court concluded that defendant was entitled to fees because EEOC was unprepared at the time it filed a complaint to allege plausible, non-frivolous claims against the defendants. *Id.* at 1090. For example, EEOC filed its lawsuit without knowing which claimants worked for the defendants and when. *Id.* at 1090-91. Here, Trans Ocean has not made a comparable showing of frivolousness.

ORDER – 4

According to Trans Ocean, EEOC's interviews with non-complaining employees should have convinced EEOC that the charging parties' claims of harassment were unfounded. These other employees denied that any harassment had occurred and "some" of them stated in their interviews that the charging parties "could have had" an ulterior motive in filing harassment complaints. Dkt. # 180 at 2. This information is insufficient to render its subsequent action frivolous, as it would be equally reasonable for EEOC to believe these other Trans Ocean employees had a motive conceal wrongful conduct by their employer. Trans Ocean also contends, without elaborating, that EEOC "must have known" that Trans Ocean's existing practices to prevent and mitigate sexual harassment were sufficient to establish a successful affirmative defense to a claim of harassment. *Id.* at 2-3. This conclusory assertion does not establish that EEOC's action was frivolous.

For these reasons, Trans Ocean has not shown that EEOC's action was "wholly without merit" at the time it was filed. *See Galen*, 477 F.3d at 666. Accordingly, Trans Ocean is not entitled to attorneys' fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Trans Ocean's Motion for Attorney's Fees. Dkt. # 180.

DATED this 19th day of June, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5

ORDER – 6