HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    v.

SERAPIA MATAMOROS, *et al.*,

    Plaintiff-Intervenors,

    v.

TRANS OCEAN SEAFOODS, INC.,

    Defendant.

Case No. 15-1563-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on counsel for Defendant Trans Ocean Seafoods, Inc.'s ("Trans Ocean") Motion to Withdraw as Counsel for Defendant (Dkt. # 182) and Motion to Seal (Dkt. # 225). For the reasons that follow, the Court **GRANTS** the motions.

## II. BACKGROUND

On September 30, 2015, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Trans Ocean alleging federal claims for sexual harassment, constructive discharge, and retaliation. Dkt. # 1 (Complaint). EEOC

ORDER – 1

brought the action to seek relief for current and former employees of Trans Ocean, Serapia Matamoros, Elena Perea Olea, Celia Sanchez Perea, and Maricela Dominguez.[1] Three of those employees, Serapia Matamoros, Elena Perea Olea, Celia Sanchez Perea, joined the lawsuit as Plaintiffs-Intervenors alleging federal and state claims against Trans Ocean for sexual harassment and retaliation. Dkt. # 12 (Intervenor Complaint).

The Court held a jury trial from March 27 to April 24, 2017. The jury reached a partial verdict. The jury found against EEOC and Plaintiffs-Intervenors on all claims except for the EEOC's federal sexual harassment claim seeking relief for Serapia Matamoros and Plaintiff-Intervenor Serapia Matamoros' federal and state sexual harassment claims. The Court declared a mistrial on those claims as to which the jury could not reach a verdict.

Now, counsel for Trans Ocean seek to withdraw from representing Trans Ocean. Dkt. # 182. EEOC and Plaintiffs-Intervenors oppose the motion. Dkt. # 190. In their Reply Brief, counsel for Trans Ocean represent that they are willing to continue representing Trans Ocean throughout the duration of post-trial motions practice. On June 14, 2017, the Court ordered counsel to submit supplemental briefing identifying the specific reasons they seek to withdraw. On June 21, 2017, counsel filed a supplemental brief containing these reasons. They move to seal the brief. Dkt. # 225. According to counsel, it contains sensitive matters concerning their attorney-client relationship with Trans Ocean.

## III. DISCUSSION

Under Local Civil Rule 83.2, "no attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court." LCR 83.2(b)(1). Whether an attorney in a civil case may withdraw is a matter for the Court's discretion. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). The Court considers several factors when

---

[1] The EEOC also sought relief for Saul Martinez, but later amended its complaint to remove him as a charging party. Dkt. # 135 (Amended Complaint).

ORDER – 2

"evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

Counsel for Trans Ocean are the third set of attorneys who have appeared in this matter. On June 6, 2016, the Court permitted Trans Ocean's first counsel to withdraw and for substitute counsel to take their place. On January 10, 2017, the Court permitted Trans Ocean's second counsel to withdraw and for current counsel to appear. Counsel represented Trans Ocean throughout trial, but now move to withdraw for professional considerations that they seek to keep confidential from the public.

EEOC and Plaintiffs-Intervenors oppose the request. They plan to relitigate the claims on which the jury deadlocked. They contend that permitting counsel to withdraw will result in a prejudicial delay because Trans Ocean will need to secure substitute counsel and, if they fail to do so, the Court will declare default judgment necessitating motions practice on the appropriate amount of damages.

Having reviewed counsel's reasons for seeking to withdraw, the Court finds that professional considerations necessitate withdrawal. The Court agrees with counsel that these considerations implicate sensitive matters concerning their attorney-client relationship with Trans Ocean. Accordingly, the Court will not address the specific details of these counsel's reasons for seeking withdrawal in the instant Order. Along these lines, the Court **GRANTS** counsel's Motion to Seal (Dkt. # 225) their supplemental brief. The Court will unseal the brief at the conclusion of these proceedings, including any subsequent appellate proceedings.

In permitting counsel to withdraw, the Court finds that EEOC and Plaintiffs-Intervenors have not made a sufficient showing of prejudice to warrant denying counsel for Trans Ocean's request. Although EEOC and Plaintiffs-Intervenors have cause for

ORDER – 3

frustration given Trans Ocean's repeated changes of counsel, the Court is not in a position to force a law firm to continue representing a client when professional considerations dictate otherwise. Further, counsel represented Trans Ocean throughout trial and will do so throughout the remainder of post-trial motions practice. As for EEOC and Plaintiffs-Intervenors' concern that Trans Ocean will default by failing to secure substitute counsel, the Court is not persuaded that the prospect of default would cause prejudice, harm the administration of justice, or unreasonably delay the resolution of the case. *Curtis*, No. C12-991-JLR, 2014 WL 556010, at *4.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** counsel for Trans Ocean's Motion to Withdraw as Counsel for Defendant (Dkt. # 182) and **GRANTS** their Motion to Seal (Dkt. # 225). The Court will unseal counsel's supplemental brief (Dkt. # 227) at the conclusion of these proceedings. Consistent with counsel's statements in their Reply Brief, the Court **ORDERS** that counsel continue representing Trans Ocean throughout the duration of post-trial motions practice. In the event that Trans Ocean secures substitute counsel, current counsel are **ORDERED** to promptly transfer Trans Ocean's case file, including all discovery obtained in this case. If counsel seek to withhold any portion of that case file, counsel must object **within five (5) days** from the date that substitute counsel file a notice of appearance in this case.

DATED this 28th day of June, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4

ORDER – 5