Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>SERAPIA MATAMOROS, et al.,<br><br>　　　　　　　Plaintiffs-Intervenors,<br>　v.<br><br>TRANS OCEAN SEAFOODS, INC.,<br><br>　　　　　　　Defendant. | Case No.: 2:15-cv-01563-RAJ<br><br>DEFENDANT TRANS OCEAN'S RESPONSE TO PLAINTIFF'S MOTION TO SET NEW TRIAL AND FOR PRETRIAL CONFERENCE<br><br>NOTE ON MOTION CALENDAR:<br>July 21, 2017 |

## I. RELIEF REQUESTED

The Court should deny Plaintiffs' motion for new trial. Plaintiffs seek a new trial on the sexual harassment claims brought by Serapia Matamoros and by the EEOC on her behalf. The jury was unable to reach a unanimous decision on these claims. The court should exercise its discretion under Rule 59 and deny Plaintiffs' motion. Plaintiffs have failed to demonstrate clear error in the jury's verdict or in the Court's judgment. Ms. Matamoros with the other Plaintiffs also willfully misrepresented the value of her emotional damages, claiming "garden variety" damages but asking for $1 million of non-wage damages.

If the Court does grant Plaintiffs' motion for new trial on the claims involving Ms. Matamoros, it should grant a new trial on all aspects of those claims, not just Trans Ocean's corrective actions. The Court should also deny Plaintiffs' preliminary requests with regard to the scheduling order.

## II.   STATEMENTS OF FACT

### A.  New trial should not be bound by previous rulings.

Trans Ocean filed no motions in limine. Plaintiffs sought and were granted several motions in limine. However, as the Court became more familiar with the facts during trial, the Court revisited virtually every order in limine. Also, if a new trial is granted and Trans Ocean retains new counsel, that counsel may have a different strategic view.

### B.  Trans Ocean was not found liable for sexual harassment against Matamoros.

Trial in this case was held from March 27 (Dkt. # 143) to April 19, 2017 (Dkt. # 166). In the jury's verdict form, it found for Trans Ocean on all claims except for the sexual harassment claims brought under state and federal law by Serapia Matamoros and the sexual harassment claims brought under federal law by the EEOC on behalf of Ms. Matamoros. (Dkt. # 175.) These remaining claims were left undecided. *Id.*

For each of these undecided claims, the jury answered whether (1) Trans Ocean subjected Ms. Matamoros to a sexually hostile work environment; and (2) Trans Ocean knew or should have known about the harassment Ms. Matamoros experienced. The jury was unable to answer, however, whether Defendant Trans Ocean failed to take immediate and appropriate corrective action with respect to Serapia Matamoros. *Id.* at pgs. 2–4. Plaintiffs never attributed any error to the jury's verdict or moved for a judgment notwithstanding the verdict. *See* Docket.

### C.  The Court entered judgment.

On May 15, 2017, the Court directed each party to file a proposed form of judgment reflecting the jury's verdict. (Dkt. # 184.) The parties submitted their proposed forms of judgment to the Court. (Dkt. # 188–89.) Trans Ocean proposed that the Court reserve judgment on the undecided sexual harassment claims. (Dkt. # 188.) Plaintiffs proposed that the Court declare a mistrial as to the undecided sexual harassment claims. (Dkt. # 189.) The proposed judgments also differed on whether judgment on the constructive discharge claim brought by

DEFENDANT'S RESPONSE TO MOTION FOR
NEW TRIAL AND PRETRIAL CONFERENCE
– Page 2

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

1. EEOC on behalf of Ms. Dominguez should be entered against Plaintiffs or Trans Ocean. (Dkt.
2. # 188–89.)
3.      On June 14, 2017, this Court entered judgment in this case. (Dkt. # 221.) The Court
4. entered judgment in favor of Trans Ocean on the retaliation claims brought by all plaintiffs, all
5. claims brought by Celia Sanchez Perea and Elena Perea Olea, and all claims brought by EEOC
6. on behalf of Maricela Dominguez. *Id.* The Court declared a mistrial on EEOC's federal sexual
7. harassment claims seeking relief for Ms. Matamoros and Plaintiff-Intervenor Ms. Matamoros'
8. federal and state sexual harassment claims. *Id.*

     **D.  Matamoros refused to produce information about health care providers.**

10.      Ms. Matamoros's complaint sought, among other things, emotional damages under both
11. state and federal law. (Dkt. # 12, pg. 13:17–19.) In discovery, Trans Ocean asked
12. Ms. Matamoros to "identify all doctors, counselors, psychiatrists, psychologist, or health care
13. providers of any kind who you have consulted, the dates you consulted them, and the reasons
14. you consulted them." Exhibit 1 to Declaration of Aaron V. Rocke ("Rocke Decl."), pg. 11.
15. Ms. Matamoros spent several pages objecting to this request, mostly on the basis of claiming
16. "garden-variety emotional distress." *Id.* at 11–14. In doing so, Ms. Matamoros cited several
17. federal cases. *Id.* Ms. Matamoros refused to provide any information responsive to Trans
18. Ocean's discovery request. *See id.*
19.      At trial, Plaintiffs informed the court multiple times that they were not seeking lost
20. wages. Rocke Decl., ¶3. During trial, counsel for Plaintiffs-Intervenors offered to settle all
21. Plaintiffs' claims for just under $1 million. *Id.* at ¶4. Trans Ocean declined this offer. *Id.* During
22. Plaintiffs-Intervenors' closing arguments, they asked the jury whether awarding the charging
23. parties $1 million was enough. *Id.* at ¶5.

DEFENDANT'S RESPONSE TO MOTION FOR
NEW TRIAL AND PRETRIAL CONFERENCE
– Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

### III. STATEMENT OF ISSUES

1. Whether the court should deny Plaintiffs' motion for new trial when there was no error in the jury's verdict or the Court's judgment and Plaintiffs claimed "garden variety" emotional damages, yet sought $1 million in non-wage damages;

2. If the Court grants Plaintiffs' motion for new trial, whether it should grant a new trial on all elements of on the sexual harassment claims brought by Serapia Matamoros and by the EEOC on her behalf, when all elements of the claims are inextricably intertwined; and

3. If the court grants Plaintiffs' motion for pre-trial conference, whether it should deny Plaintiffs' requests to limit pre-trial activities when such limitations are unwarranted.

### IV. EVIDENCE RELIED UPON

1. The Declaration of Aaron V. Rocke; and

2. The files and pleadings herein.

### V. ARGUMENT

**A. The court can deny a new trial.**

The court **may**, on motion, grant a new trial on all or some of the issues. Fed. R. Civ. P. 59(a)(1) (emphasis added). A Rule 59(a) motion should be granted only where the court is convinced that the jury verdict was a seriously erroneous result and where denial of the motion will result in a clear miscarriage of justice. *Webb v. Hyman*, 861 F. Supp. 1094, 1109–10 (D.D.C. 1994) (citations omitted). Here, Plaintiffs have failed to demonstrate the clearly erroneous nature of the jury's verdict or the clear miscarriage of justice that will result.

Plaintiffs rely on *Union Pac. R. Co. v. Bridal Veil Lumber Co.*, 219 F.2d 825 (9th Cir. 1955); *see also California v. Altus Finance S.A.*, 540 F.3d 992, 1008–09 (9th Cir. 2008) (citing *Union Pacific*). In *Union Pacific*, the trial court, after receiving an incomplete verdict from the jury, decided to make its own findings and enter a judgment based on those findings. *Union Pacific*, 219 F.2d at 831–32. The Ninth Circuit held that the trial court's decision to "go it

DEFENDANT'S RESPONSE TO MOTION FOR
NEW TRIAL AND PRETRIAL CONFERENCE
– Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

alone" was in error. *Id.* at 831–32. In the present case, by contrast, the Court relied upon proposals by the parties in making its judgment. Therefore, *Union Pacific* is inapposite.

**B.  Ms. Matamoros's emotional damages apparently were not "garden variety."**

Garden-variety emotional distress has been described as ordinary or commonplace emotional distress, that which is simple or usual. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003) (citing *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y.2000)). In contrast, complex emotional distress is not garden variety. *See id.* Here, Ms. Matamoros took the position that she suffered only "garden variety" emotional distress damages for the purpose of withholding information in discovery, yet Plaintiffs-Intervenors sought $1 million in damages, none of which were for lost wages. These positions are incompatible, so Ms. Matamoros's discovery responses were willfully misleading or false. Courts have entered default judgments against defendants on similar grounds. *See, e.g.*, *Magana v. Hyundai Motor America*, 167 Wn.2d 570, 584–92, 220 P.3d 191 (2009). Here, the court should deny Ms. Matamoros's motion for a new trial based on her violation of the discovery rules.

**C.  A new trial would have to be on all of the elements of the retried claims.**

A new trial on whether Trans Ocean took appropriate corrective action must also address whether harassment occurred and whether Trans Ocean knew of this harassment. Under federal law, if the alleged harasser is merely a co-worker, the plaintiff must prove that the employer knew or should have known of the harassment but did not take adequate steps to address it. *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001). Under Washington law, the employee must show that the employer (a) authorized, knew, or should have known of the harassment and (b) failed to take reasonably prompt and adequate corrective action. *Glasgow v. Georgia-Pacific Corp.*, 103 Wn.2d 401, 407, 693 P.2d 708 (1985). These issues are interrelated, and so a new trial would have to address each of these elements.

DEFENDANT'S RESPONSE TO MOTION FOR
NEW TRIAL AND PRETRIAL CONFERENCE
– Page 5

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

## VI. CONCLUSION

The Court should deny a new trial because no error occurred in the jury's verdict or the Court's judgment, and Plaintiffs failed to adequately demonstrate their alleged prejudice. In addition, Ms. Matamoros misrepresenting the extent of her emotional damages. If the Court grants a new trial, it should retry the entirety of the claims. If the Court grants a pretrial conference, it should decline to impose the limitations proposed by Plaintiffs.

DATED this 17th day of July, 2017.

ROCKE │ LAW Group, PLLC
Attorney for Defendant

s/ Aaron Rocke
Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670
aaron@rockelaw.com

# DECLARATION OF SERVICE

I caused a copy of the foregoing Defendant Trans Ocean's Response to Plaintiff's Motion to Set New Trial and for Pretrial Conference to be served to the following in the manner indicated:

**Via ECF:**

| | |
|---|---|
| Carmen Flores<br>Equal Employment Opportunity Commission<br>909 First Ave, Ste 400<br>Seattle, WA 981041061<br>carmen.flores@eeoc.gov | Alyson Dimmitt Gnam<br>Northwest Justice Project<br>300 Okanogan Ave, Ste 3a<br>Wenatchee, WA 98801<br>alysond@nwjustice.org |
| Teri L. Healy<br>Equal Employment Opportunity Commission<br>909 First Ave, Ste 400<br>Seattle, WA 981041061<br>teri.healy@eeoc.gov | Mary Ellen Welch<br>Northwest Justice Project<br>1814 Cornwall<br>Bellingham, WA 98225<br>maryw@nwjustice.org |
| Roberta Steele<br>Equal Employment Opportunity Commission<br>450 Golden Date Ave, 5th Floor W<br>P.O. Box 36025<br>San Francisco, CA 36025<br>roberta.steele@eeoc.gov | Alexandra Kory<br>Northwest Justice Project<br>401 2nd Ave S. Ste. 407<br>Seattle, WA 98104<br>alexk@nwjustice.org |

On today's date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my belief.

Signed and DATED this 17th day of July, 2017.

s/ Sarah Borsic
Sarah Borsic, Legal Assistant

DEFENDANT'S RESPONSE TO MOTION FOR
NEW TRIAL AND PRETRIAL CONFERENCE
– Page 7

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670