**THE HONORABLE RICHARD A. JONES**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and,<br><br>SERAPIA MATAMOROS PEREA, ELENA PEREA OLEA, and CELIA SANCHEZ PEREA,<br><br>Plaintiffs-Intervenors,<br>v.<br><br>TRANS OCEAN SEAFOODS, INC., dba NEW ENGLAND SHELLFISH,<br><br>Defendant. | Case No. 2:15-CV-01563-RAJ<br><br>**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SET NEW TRIAL AND FOR PRETRIAL CONFERENCE**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**July 21, 2017** |

## I. INTRODUCTION

Defendant provides no support for denying a new trial on Serapia Matamoros' state and federal sexual harassment claims. Defendant inappropriately cites Fed. R. Civ. P. 59(a)(1) in arguing against a new trial, but Rule 59(a) is inapplicable where, as here, the Court declared a mistrial after the jury deadlocked on sexual harassment liability. Defendant then argues against a new trial because it alleges Ms. Matamoros misled the Court about her compensatory damages in

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

discovery and trial. She did not do so. Regardless, an untimely, unsubstantiated discovery argument provides no basis to deny a new trial after a jury failed to render a complete verdict. Finally, Defendant argues that if a new trial is ordered it should be on all elements of Ms. Matamoros' state and federal sexual harassment claims. Plaintiffs agree and have never argued otherwise, making this point moot. Therefore, the Court should schedule a pretrial conference to set a date for a new trial.

## II. LEGAL ARGUMENT

### A. The Court must grant a new trial because the jury did not dispose of a vital issue, resulting in a mistrial

Where a court declares a mistrial due to the failure of the jury to dispose of a vital issue, as happened in the instant case, the only remedy is to hold a new trial, as Plaintiffs argued in citing *Union Pac. R.R. Co. v. Bridal Veil Lumber Co.*, 219 F.2d 825, 832 (9th Cir. 1955). Dkt. No. 229 at pp. 2-3. Defendant argues unpersuasively that this Court may exercise discretion to deny Plaintiffs' motion for a new trial under Fed. R. Civ. P. 59(a). Trans Ocean premises its erroneous argument on the jury having rendered a verdict as to Ms. Matamoros' sexual harassment claims, Dkt. No. 237 at pp. 2, 4, but there was no jury verdict on these claims and thus the rule is inapplicable.[1] Rule 59(a)(1) states that "[t]he court may…grant a new trial…for any reason for which a new trial has heretofore been granted in an action at law in federal court." Cases articulating grounds for a new trial under Rule 59(a) clearly assume that the new trial results from errors *in a verdict* – an outcome never reached as to the Matamoros sexual harassment claims. *See e.g. Molski v. M.J. Cable Inc*., 481 F.3d 724, 729 (9th Cir. 2007) (quoting

[1] Should this Court consider Plaintiffs' motion as made under Fed. R. Civ. P. 59(a)(1), *Bridal Veil Lumber, supra,* and *California v. Altus Finance S.A.*, 540 F.3d 992, 1008-09 (9th Cir. 2008) clearly demonstrate that a mistrial resulting from the jury's failure to resolve a vital issue is grounds for a new trial, and to deny such a request deprives the party of their constitutional right to a jury trial.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

*Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)) (historically recognized grounds include "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice").

Indeed, because there was no final verdict on Ms. Matamoros' claims of sexual harassment, the Court properly declared a mistrial on these claims. Dkt. No. 221. Trans Ocean's contrary assertion, that the jury found it not liable for sexual harassment, defies any reasonable interpretation of the jury's position on the Matamoros sexual harassment claims. *See* Dkt. No. 237 at 2:7-18; Dkt. No. 221. The mistrial resulted from the jury's deadlock on the question of whether Trans Ocean failed to take immediate and appropriate corrective action. Dkt. No. 175. The sufficiency of Defendant's remedial action was vital to any finding of liability for Ms. Matamoros' sexual harassment claims, and the failure to answer this question could lead to no result but mistrial and subsequent new trial, as *Altus* instructs. *Altus*, 540 F.3d at1008-09.

Defendant argues that *Bridal Veil Lumber* is in inapposite because the district court in that case entered a judgment on its own after the jury failed to answer a vital question, whereas in this case the Court declared a mistrial after considering proposals by the parties for forms of judgment. Dkt. No. 237 at pp. 4-5. Defendant misses the point of *Bridal Veil Lumber*—the Ninth Circuit there declared the error of entering a judgment and denying a new trial when the jury left a vital issue unresolved, clarifying that a new trial is the only proper outcome. 219 F.2d at 832. This Court properly declared a mistrial in response to the jury's failure to answer a vital question. Dkt. 221. The next and necessary step, as identified in *Union Pacific* and *Altus Finance*, is to order a new trial to fully preserve the Plaintiffs' jury-trial rights.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

**B. The nature of Ms. Matamoros' emotional distress damages is irrelevant to a request for a new trial**

Defendants' unfounded claim of discovery violations is both irrelevant and untimely to the new-trial issue. Defendant argues that this Court should deny Ms. Matamoros a new trial because her discovery responses regarding her garden variety emotional distress damages were "willfully misleading or false."[2] Dkt. No. 237 at 5:11. Defendant did not move to compel any of Ms. Matamoros' answers, as would have been the proper procedure if it disagreed with her objections. Even if the Court were to consider this argument, it is of no moment. Plaintiffs fully complied with discovery rules. When a plaintiff does not assert anything more than garden variety emotional distress, her psychiatric and medical records are protected by privilege and privacy interests. *See* e.g. *Jaffee v. Redmond*, 518 U.S. 1 (1996); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 631-33 (S.D. Cal. 1999); *EEOC v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. Mar. 22, 2006); *E.E.O.C. v. Wal-Mart Stores, Inc*., 276 F.R.D. 637, 641 (E.D. Wash. 2011). Ms. Matamoros properly asserted those privileges and privacy rights when she objected to Defendant's discovery requests. *See* Dkt. 238-1 at 3-6. Defendant cites only a Washington State

[2] Defendant's position appears to be that Ms. Matamoros' garden variety emotional distress claim was inconsistent with the amount of damages sought. (Defendant fails to note that Plaintiffs were seeking relief for four individuals.) Defendant does not cite to any case to support its argument that garden variety damages must fall below a certain amount. Defendant relies on *Fitzgerald v. Cassil,* 216 F.R.D. 632, 637 (N.D. Cal 2003), for the definition of "garden variety damages. The court in *Fitzgerald* explained that a plaintiff does NOT plead "garden variety" emotional distress damages if he or she has distress that "may be complex, such as that resulting in a specific psychiatric disorder." *Id.* (citing *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000). Garden variety emotion distress includes humiliation, embarrassment, anger, and other similar emotions. *Fitzgerald*, 216 F.R.D at 637 (citing *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D.Ill.1999)). And a plaintiff who alleges symptoms such as "depression, anger, irritability, sleep loss, discouragement, withdrawal, relived experience, and low self esteem" falls within the definition of "garden variety" emotional distress. *Sims v. Lakeside Sch*., No. C06-1412RSM, 2007 WL 5417731, at *1 (W.D. Wash. Mar. 15, 2007). A plaintiff who asserts bodily injury, relies on an expert or provider to prove symptoms, or pleads intentional or negligent infliction of emotional distress, does not plead "garden variety" emotional distress. *Id.* In this case, Ms. Matamoros pled and testified to her sadness, anger, and the emotional harm she suffered as a result of the sexual harassment. She did not allege a particularized psychiatric illness or bodily injury, nor did she introduce medical records or expert testimony to prove her symptoms. She thus pled only garden variety emotional distress damages.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

case far afield of the issue of whether a new trial should be ordered after a mistrial, once more lending no support to its argument. *See Magana v. Hundai Motor America*, 167 Wn.2d 570, 220 P.3d 191, 197 (2009) (court found "real and serious" discovery violations, including false responses to requests for production resulting in the loss and spoliation of evidence).

**C. Plaintiffs seek a new trial on all elements of Ms. Matamoros' federal and state sexual harassment claims**

Plaintiffs agree that a new trial will be on all the elements of Ms. Matamoros' federal and state sexual harassment claims. Plaintiffs did not argue differently in their motion.

**D. A new scheduling order should limit the scope of pretrial proceedings according to the law of the case.**

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States*, 562 U.S. 476, 506, 131 S. Ct. 1229, 1250, 179 L. Ed. 2d 196 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine serves to advance the "principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986).

A court has discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). None of these exceptions apply in this case. In fact, in *Alexander*, the court ruled that a mistrial was not cause for an exception to reconsider a ruling on a suppression order. *Id.* at 876-77.

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

Plaintiffs request that this court issue a scheduling order that precludes the filing of additional motions in limine. *See* Dkt. No. 229 at 4. Plaintiffs properly filed motions in limine, and this Court issued a ruling on these motions. *See* Dkt. No. 99 and 120. Contrary to Defendant's assertion that this Court "revisited virtually every order in limine" during trial, this Court maintained its rulings and deliberated on the motion left outstanding in its order. *See* Dkt. No. 120 at 7:1-8. Defendant did not file any motions in limine in the case and did not appeal the Court's rulings or seek reconsideration. In sum, the Court's in limine rulings are the law of the case and should stand without further briefing.

## III. CONCLUSION

Plaintiffs request that this Court order a new trial on Plaintiff EEOC's federal sexual harassment claim seeking relief for Serapia Matamoros and Plaintiff-Intervenor Serapia Matamoros' federal and state sexual harassment claims against Defendant, because the jury deadlocked and the Court ordered a mistrial of these claims. Plaintiffs further request that this Court schedule a pretrial conference to set a date for this new trial, and issue a scheduling order

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

to direct the parties to submit limited pretrial pleadings.

RESPECTFULLY SUBMITTED this 21st day of July, 2017.

ROBERTA L. STEELE
Regional Attorney

JOHN F. STANLEY
Supervisory Trial Attorney

CARMEN FLORES
Senior Trial Attorney

TERI HEALY
Senior Trial Attorney

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel
Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

BY: *s/Carmen Flores*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Facsimile (206) 220-6911
Telephone (206) 220-6853
Email: carmen.flores@eeoc.gov

*Attorneys for Plaintiff EEOC*

By: s/ Mary Welch
Mary Welch, WSBA #29832
Northwest Justice Project
1814 Cornwall Ave.
Bellingham, WA 98225
Tel: 206-707-0826
Fax: 360-734-0121
E-mail: maryw@nwjustice.org

By: s/ Alyson Dimmitt Gnam
Alyson Dimmitt Gnam, WSBA #48143
Northwest Justice Project
300 Okanogan Ave., Ste. 3A
Wenatchee, WA 98801
Tel: 509-664-5101
Fax: 509-665-6557
E-mail: alysond@nwjustice.org

*Attorneys for Plaintiffs-Intervenors*

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SET NEW TRIAL AND FOR PRETRIAL CONFERENCE-**2:15-CV-01563-RAJ

Page 7 of 8

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 21, 2017**, I electronically filed the forgoing "**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SET NEW TRIAL AND FOR PRETRIAL CONFERENCE**" with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following individuals listed below:

Aaron Rocke, Aaron@rockelaw.com

Jeremy Bartels: jeremy@rockelaw.com

By: *<u>/s Carmen Flores</u>*
Carmen Flores
*Attorney for EEOC*

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SET NEW TRIAL AND FOR PRETRIAL CONFERENCE-**2:15-CV-01563-RAJ

Page 8 of 8

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION**
**909 First Avenue, Suite 400**
**Seattle, Washington 98104-1061**
**Telephone: (206) 220-6883**
**Facsimile: (206) 220-6911**
**TDD: (206) 220-6882**