Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>SERAPIA MATAMOROS, et al.,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>TRANS OCEAN SEAFOODS, INC.,<br><br>Defendant. | Case No.: 2:15-cv-01563-RAJ<br><br>DEFENDANT TRANS OCEAN'S RESPONSE TO PLAINTIFFS-INTERVENORS' MOTION FOR NEW TRIAL<br><br>NOTE ON MOTION CALENDAR: July 28, 2017 |

## I. RELIEF REQUESTED

The court should deny the motion for new trial brought by Ms. Perea and Ms. Sanchez. The jury found that Trans Ocean lacked actual or constructive knowledge of the alleged harassment to Ms. Perea and Ms. Sanchez. In their motion, Ms. Perea and Ms. Sanchez present their version of the evidence in an attempt to convince the Court that the weight of the evidence was in their favor. Ms. Perea and Ms. Sanchez noticeably leave out many important pieces of evidence on which the jury could (and did) reasonably rely in reaching its verdict. Ms. Perea and Ms. Sanchez misinterpret the state of the law in an effort to establish that Trans Ocean knew or should have known of the harassment they allegedly suffered.

Trans Ocean lacked knowledge of any harassment to Ms. Perea and Ms. Sanchez until it was informed of their claims by the EEOC. Ms. Perea and Ms. Sanchez had myriad opportunities to complain to Trans Ocean but refused to do so. The jury was justified in finding against Ms. Perea and Ms. Sanchez. Therefore, the court should deny their motion for new trial.

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 1

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

## II.  STATEMENTS OF FACT

### A. Ms. Perea and Ms. Sanchez never complained about harassment.

Elena Perea and Celia Sanchez never complained to Trans Ocean that they were experiencing sexual harassment. Exhibit 1 to Declaration of Aaron V. Rocke ("Rocke Decl."), pgs. 204:22–205:4. The first time Trans Ocean learned of Ms. Perea and Ms. Sanchez's complaints of sexual harassment was when it received information regarding their EEOC charges on October 28, 2013. *Id.* at 169:23–170:4; Rocke Decl., Ex. 2. Ms. Sanchez quit working for Trans Ocean in August 2013. Rocke Decl., Ex. 3, pgs. 82:25–83:2.

The harvester crew was split in November 2013. Rocke Decl., Ex. 1, pgs. 152:21–153:15; Rocke Decl., Ex. 6, pg. 4. After the crew was split, Ms. Perea and Ms. Sanchez were no longer on the same crew as Bartolo Pilar, the main alleged harasser. *Id.* Counsel for Ms. Perea and Ms. Sanchez admitted that the alleged harassment ceased when the boats were split. See, e.g., Rocke Decl., Ex. 9, pg. 54:5–10.

Mr. Santelices never met with Ms. Matamoros, Ms. Perea, and Ms. Sanchez in the parking lot of the Skagit Valley food co-op, despite their claims. Rocke Decl., Ex. 1, pg. 26:3–11. Mr. Santelices did not remember Ms. Perea or Ms. Sanchez ever complaining about comments made by men on the harvest site about women's bodies. *Id.* at 26:8–11.

During payroll day, Mr. Palacios asked everybody if they had heard anybody say bad words. Rocke Decl., Ex. 8, pg. 18:5–11. Ms. Perea and Ms. Sanchez saw Carlos Palacios, the plant manager, once every two weeks to pick up their paychecks. Rocke Decl., Ex. 9, pgs. 32:4–33:6; Ex. 10, pgs. 43:21–44:14; Ex. 11, pgs. 10:25–11:22. Ms. Perea and Ms. Sanchez never mentioned any harassment to Mr. Palacios when they saw him. *Id.* All Trans Ocean employees had the phone number of Mr. Palacios. Rocke Decl., Ex. 1, pgs. 73:24–74:10.

Ms. Perea and Ms. Sanchez claimed that they attended a meeting with Mr. Santelices and the rest of the Trans Ocean employees in the processing plant to discuss alleged harassment. Rocke Decl., Ex. 3, pgs. 33:24–38:3; Ex. 4, pgs. 14:21–17:9. According to their testimony,

Ms. Sanchez translated for Ms. Perea from Mixteco to Spanish and informed Mr. Santelices that Mr. Pilar said that there was an "old hag" who he was having sex with. Rocke Decl., Ex. 3, pg. 36:3–13. Mr. Pilar and another employee, Antonio, had a side conversation in Mixteco about who the old hag was. *See id.* Mr. Santelices does not speak Mixteco, so he could not have understood these parts of the conversation. (*See* Dkt. # 234, pgs. 2 n.1.)

Mr. Santelices asked whether these claims were true, and Mr. Pilar and Antonio responded in Spanish that they were false. Rocke Decl., Ex. 3, pg. 36:17–21. Ms. Perea then began talking to Mr. Pilar and Antonio in Mixteco, telling them to stop talking to her that way. *Id.*; Rocke Decl., Ex. 4, pg. 17:2–9. Mr. Santelices could not have understood this part of the conversation either. Even if this meeting went as Ms. Perea and Ms. Sanchez claim (which Trans Ocean does not concede), it still did not give Trans Ocean knowledge of alleged harassment against them.

### B. Trans Ocean properly investigated Ms. Matamoros's allegations.

When Ms. Matamoros made her initial complaint to Trans Ocean about harassment, her complaint was very vague. Rocke Decl., Ex. 1, pgs. 77:11–79:5. Ms. Matamoros allegedly could not remember the date of the incident, the time of the incident, or any witnesses to the incident. *Id.*; see also Rocke Decl., Ex. 2. Mr. Santelices informed Ms. Matamoros that, if she could provide any additional information, it would help his investigation. Rocke Decl., Ex. 1, pgs. 79:21–81:3. Ms. Matamoros told Mr. Santelices she would go talk to the other women who allegedly had also experienced this harassment. *Id.* at 80:12–14.

Once Ms. Matamoros brought her complaints of sexual harassment to Trans Ocean, it immediately began an investigation into her claims. Trans Ocean interviewed Mr. Pilar and asked him about the allegations. *Id.* at 81:8–82:8; *see also* Rocke Decl., Ex. 5. Mr. Pilar's reaction was that of someone hearing these accusations for the first time. Rocke Decl., Ex. 1, pgs. 81:8–82:8. Mr. Pilar denied these accusations and suggested that what Ms. Matamoros heard could have been a misunderstanding. *Id.* Nevertheless, Trans Ocean informed Mr. Pilar

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 3

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

that this was his first and only written warning, and that the next disciplinary step would be termination. Rocke Decl., Ex. 5; *see also* Rocke Decl., Ex. 1, pg. 87:1–18.

Trans Ocean also interviewed other coworkers, none of whom had heard or seen anything to substantiate Ms. Matamoros's claims. Rocke Decl., Ex. 2. These interviews revealed that Ms. Matamoros's coworkers believed her claims were "bogus." *Id.* The investigation concluded with no evidence that the behavior of which Ms. Matamoros had complained had taken place, and with Ms. Matamoros failing to provide any corroborating details. Rocke Decl., Ex. 1, pgs. 43:19–46:16.

Once the investigation had concluded, Mr. Santelices attempted to speak with Ms. Matamoros again about her complaints and the results of the investigation. *Id.* at 124:6–19. Ms. Matamoros refused to speak to him until after he received her EEOC charge of discrimination. *See id.*

After Mr. Santelices received the EEOC discrimination charges, he met with Ms. Matamoros and her attorney, Ms. Mary Welch. *Id.* at 95:8–17. At this meeting, Ms. Welch informed Mr. Santelices that Ms. Perea and Ms. Sanchez had also been victims of the alleged harassment. Rocke Decl., Ex. 6. Ms. Welch went on to inform Mr. Santelices that she could not discuss Ms. Perea or Ms. Sanchez's allegations because she did not represent them. *Id.* Ms. Welch represented Ms. Perea and Ms. Sanchez throughout this litigation, along with several other lawyers. (*See* Dkt. # 12, pg. 14.)

Prior to Ms. Matamoros's complaints about Mr. Pilar, Mr. Santelices had met with all Trans Ocean employees once to discuss complaints of strong language at work. Rocke Decl., Ex. 1, pg. 30:3–14. At the time, Mr. Santelices did not know who the complaints were about. *Id.* Mr. Santelices instructed all of his employees, including Mr. Pilar, to stop using this sort of language. *Id.* Mr. Santelices did not intend to imply that this prior meeting had been directed at Mr. Pilar individually. *Id.* at 86:7–25.

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 4

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

### C. Trans Ocean took appropriate corrective measures.

Even though the claims of sexual harassment by Ms. Matamoros were unsubstantiated, Trans Ocean still took comprehensive and holistic corrective measures. Trans Ocean immediately implemented written sexual harassment policies. Rocke Decl., Ex. 1, pg. 13:24–14:1. These policies reflected Trans Ocean's unwritten policies, which existed prior to these complaints. *Id.* at 13:5–15; 66:15–22.

Trans Ocean provided its written policies in English and Spanish. *Id.* at 67:14–68:15. At the time, Trans Ocean believed all of its employees spoke either English or Spanish. *Id.* at 71:16–23. The primary language of the Trans Ocean employees is Spanish. Rocke Decl., Ex. 9, pgs. 35:9–36:5. Trans Ocean was never asked to provide a Mixteco translation of the sexual harassment policy. Rocke Decl., Ex. 1, pg. 75:5–7. Even if an employee had requested a written Mixteco version, Trans Ocean could not have provided it, because Mixteco is not a written language. *Id.* at 74:21–75:4; *see also* Rocke Decl., Ex. 12, pg. 10:13–19. When Trans Ocean introduced the harassment policy, a volunteer translator translated its terms in Mixteco. Rocke Decl., Ex. 1, pg. 75:8–17; Ex. 9, pg. 36:9–18.

Trans Ocean also instituted monthly meetings in which employees were encouraged to review the terms of the harassment policies. Rocke Decl., Ex. 7. These meetings gave employees a chance to raise any complaints or concerns they had about sexual harassment. *Id.* Ms. Matamoros, Ms. Perea, and Ms. Sanchez signed the policies and returned them to Trans Ocean. Rocke Decl., Ex. 9, pg. 47:2–20. None of these women ever raised questions about the policies. *Id.*

### D. The jury found that Trans Ocean did not know about the alleged harassment.

At the conclusion of trial, the jury filled out and submitted a verdict form. (Dkt. # 175.) The jury verdict form asked whether Trans Ocean had knowledge with regard to each sexual harassment claim (federal and state) brought by each charging party (Ms. Matamoros, Ms. Perea, and Ms. Sanchez). *Id.* at 2–10. This indicated that the jury was to address this question separately

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 5

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

for each charging party. *See id.* There was no question asking whether Trans Ocean had knowledge of all charging parties' alleged harassment. *See id.* Plaintiffs brought the claims under a theory of co-worker liability. *See, e.g.*, Dkt. # 234, pg. 10.

The jury indicated in the verdict form its finding that, by a preponderance of the evidence, Trans Ocean did not have actual or constructive knowledge of the alleged harassment by Mr. Pilar. *Id.* at 5–6, 8–9. The jury did not address whether Trans Ocean failed to take immediate and appropriate corrective action with respect to Ms. Perea or Ms. Sanchez. *Id.*

### III. STATEMENT OF ISSUES

Whether the Court should deny Ms. Perea and Ms. Sanchez's motion for new trial when the jury's decisions on their claims are supported by the weight of the evidence.

### IV. EVIDENCE RELIED UPON

1. The Declaration of Aaron V. Rocke; and
2. The files and pleadings herein.

### V. ARGUMENT

**A. Ms. Perea and Ms. Sanchez are not entitled to a new trial.**

The Court has discretion to deny a motion for new trial. *See* Fed. R. Civ. P. 59(a)(1)(A) (emphasis added). A trial court may grant a new trial only if the verdict is against the clear weight of the evidence, and may not grant it simply because the court would have arrived at a different verdict. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) (affirming denial of motion for new trial). A jury's verdict **must** be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion. *Id.* (emphasis added).

Although the court's ruling on a motion for a new trial involves the exercise of some discretion, a stringent standard applies when the motion is based on insufficiency of the evidence. *EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997) (reversing district court's grant of new trial). A motion for new trial will be granted on this ground only if the verdict is

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 6

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result. *Id.*

Here, the jury's verdict does not go against the great weight of the evidence to the extent that a new trial is necessary. Trans Ocean presented substantial support for its defense, and the jury was permitted to find Trans Ocean's evidence more persuasive than Plaintiffs'.

### B. Trans Ocean lacked actual or constructive knowledge of alleged harassment.

Ms. Perea and Ms. Sanchez misinterpret federal case law in an attempt to establish that Trans Ocean had actual or constructive knowledge of the harassment they allegedly experienced. Furthermore, nearly all of these cases use a different standard than the one used in motions for new trials. Critically, even if these cases stood for what Ms. Perea and Ms. Sanchez claim they do, none of them **require** that the jury have found actual or constructive knowledge.

#### 1. Trans Ocean did not have knowledge based on Matamoros's complaints.

Trans Ocean's knowledge of Matamoros's harassment allegations did not give it knowledge of Ms. Perea and Ms. Sanchez's alleged harassment. To support its argument to the contrary, Ms. Perea and Ms. Sanchez rely on *EEOC v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104 (D. Or. 2013) and *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1342 (10th Cir. 1998). In *Fred Meyer*, the court determined that the employees needed to allege that the employer knew or should have known that the harassment was occurring and did not address it adequately. 954 F. Supp. 2d at 1113 (addressed in motion to dismiss for failure to state a claim).

In *Davis*, the Tenth Circuit held that an employer's awareness of previous complaints against a co-worker could put it on notice of that co-worker's harassing behavior. 142 F.3d at 1342 (judgment as a matter of law). The *Davis* court reached this result by reviewing the evidence in the light most favorable to the employee, and it acknowledged that this was a close issue to resolve. *Id.*

Ms. Perea and Ms. Sanchez ask this Court to create new law by essentially holding that notice of any alleged sexual harassment by any employee puts an employer on notice of all

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 7

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

Case 2:15-cv-01563-RAJ   Document 240   Filed 07/24/17   Page 8 of 11

sexual harassment to all employees. The Court should refuse to endorse this sweeping change that would go against precedent in this area of law.

### 2. There was no "raised probability" of harassment.

Trans Ocean lacked information to create a "probability of harassment" sufficient to impute constructive knowledge of harassment. Ms. Perea and Ms. Sanchez erroneously rely on *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289 (3d Cir. 1999); *Dawson v. Entek Intern.*, 630 F.3d 928 (9th Cir. 2011); and *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787 (8th Cir. 2009). Ms. Perea and Ms. Sanchez argue that Trans Ocean had constructive knowledge of harassment because it had spoken to Mr. Pilar previously about use of sexual language in the workplace

In *Kunin*, the court found that the employee had provided insufficient information to give her employer knowledge of a reasonable probability of sexual harassment. 175 F.3d at 294 (reversing denial of judgment as a matter of law for employer). The court in *Dawson* held that an employee's visit to human resources created issues of fact precluding summary judgment. 630 F.3d at 934. In *Sandoval*, the court held that evidence of widespread sexual harassment precluded summary judgment in the employer's favor. 578 F.3d at 802–03. The jury in this case was justified in concluding that Trans Ocean lacked information to create a raised probability of harassment.

### 3. The alleged harassment was not open and pervasive.

The alleged harassment to Ms. Perea and Ms. Sanchez was not so pervasive so as to impute knowledge onto Trans Ocean. Under *Kunin*, an employer is on knowledge of harassment if it is so "open and pervasive" that a reasonable employer could not have been ignorant of it. 175 F.3d at 295. Trans Ocean did not receive any complaints of harassment other than those by Ms. Matamoros, even after it investigated these claims and spoke with other employees.

### 4. Trans Ocean properly investigated known harassment claims.

Trans Ocean sufficiently investigated Ms. Matamoros's harassment complaints, and it had no knowledge upon which to investigate Ms. Perea and Ms. Sanchez's alleged harassment.

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 8

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

Ms. Perea and Ms. Sanchez rely on *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001) to argue that Trans Ocean failed in its duty investigate. In *Nichols*, the employer's only remedial action was to ask the employee to report back if the harassment persisted. *Id.* at 876 (appeal of bench trial). The jury correctly found that Trans Ocean took much more extensive steps to investigate prior harassment and prevent future harassment.

### 5. Trans Ocean is not imputed with the knowledge of the alleged harasser.

Ms. Perea and Ms. Sanchez argue that Trans Ocean has knowledge of harassment based on the harasser's knowledge of the harassment. Besides this argument's obvious logical flaws, it is unsupported in the case law. *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) involved supervisory liability, not co-worker liability. *Id.* at 803–05. In *Swinton*, the person to whom the plaintiff was to report harassment witnessed the harassment himself. *Id.* at 805. The court, in *dicta*, opined that this person could have been considered a participant in the harassment, since he had laughed at the offending jokes. *Id.* This is a far cry from holding that an employer has constructive knowledge of any harassment committed by a co-worker who can pass on reports of harassment. *See id.*

## VI.  CONCLUSION

Trans Ocean presented sufficient evidence for the jury to find in its favor on Ms. Perea and Ms. Sanchez's harassment claims. Trans Ocean lacked actual or constructive knowledge based on Ms. Matamoros's vague, unverified complaints. The previous harassment complaint was not directed at Mr. Pilar specifically. The alleged harassment to Trans Ocean employees could not have been "pervasive" because no one else had complained about it. Trans Ocean properly investigated Ms. Matamoros's complaints. Even if Mr. Pilar was harassing Ms. Perea and Ms. Sanchez, this would not automatically impute constructive knowledge on Trans Ocean.

//

//

//

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 9

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

Granting a new trial is an extreme measure that should only be reached in special circumstances. This motion fails to present such circumstances. Therefore, the Court should deny Ms. Perea and Ms. Sanchez's motion.

DATED this 24th day of July, 2017.

ROCKE | LAW Group, PLLC
Attorney for Defendant

_/s/ Aaron V. Rocke_
Aaron V. Rocke, WSBA No. 31525
Rocke Law Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670
aaron@rockelaw.com

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 10

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

## DECLARATION OF SERVICE

I caused a copy of the foregoing Defendant Trans Ocean's Response to Plaintiffs-Intervenors' Motion for New Trial to be served to the following in the manner indicated:

**Via ECF:**

Carmen Flores
Equal Employment Opportunity Commission
909 First Ave, Ste 400
Seattle, WA 981041061
carmen.flores@eeoc.gov

Alyson Dimmitt Gnam
Northwest Justice Project
300 Okanogan Ave, Ste 3a
Wenatchee, WA 98801
alysond@nwjustice.org

Teri L. Healy
Equal Employment Opportunity Commission
909 First Ave, Ste 400
Seattle, WA 981041061
teri.healy@eeoc.gov

Mary Ellen Welch
Northwest Justice Project
1814 Cornwall
Bellingham, WA 98225
maryw@nwjustice.org

Roberta Steele
Equal Employment Opportunity Commission
450 Golden Date Ave, 5th Floor W
P.O. Box 36025
San Francisco, CA 36025
roberta.steele@eeoc.gov

Alexandra Kory
Northwest Justice Project
401 2nd Ave S. Ste. 407
Seattle, WA 98104
alexk@nwjustice.org

On today's date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my belief.

Signed and DATED this 24th day of July, 2017.

_____
Sarah Borsic, Legal Assistant

DEFENDANT'S RESPONSE TO MOTION
FOR NEW TRIAL
– Page 11

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670