THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

            Plaintiff,
            and,

SERAPIA MATAMOROS PEREA,
ELENA PEREA OLEA, CELIA SANCHEZ
PEREA,

            Plaintiffs-Intervenors,
            v.

TRANS OCEAN SEAFOODS, INC., dba
NEW ENGLAND SHELLFISH,

            Defendant.

No. 2:15-CV-01563-RAJ

PLAINTIFFS-INTERVENORS' REPLY TO
DEFENDANT TRANS OCEAN'S
RESPONSE TO MOTION FOR NEW TRIAL
UNDER FED. R. CIV. P. 59

NOTED: JULY 28, 2017

## ARGUMENT

### A. Trans Ocean misstates legal standard for granting a new trial

Defendant's assertion that this Court must deny a motion for a new trial if the verdict is

supported by substantial evidence is squarely contradicted by the Ninth Circuit: "even if

substantial evidence supports the jury's verdict, a trial court may grant a new trial (1) if the

verdict is (a) contrary to the clear weight of the evidence or (b) is based upon evidence which is

REPLY TO RESPONSE TO MOTION FOR NEW TRIAL UNDER FED. R. CIV. P.
59 – Page 1
(2:15-CV-01563-RAJ)

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121

false, [or] (2) to prevent a miscarriage of justice….” *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1087 (9th Cir. 2009) (affirming grant of new trial). Trans Ocean instead erroneously cites the standard for judgement as a matter of law. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) (citing *Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1226–27 (9th Cir. 2001) (reviewing grant of motion for judgment as a matter of law)). Trans Ocean also relies on *EEOC v. Pape Lift, Inc.*, 115 F. 3d 676, 680 (9th Cir. 1997) for the proposition that a “stringent standard” applies to this Court’s discretion. However, *Pape Lift* must be read in light of the Ninth Circuit’s consistent reiteration that a trial court should exercise discretion in evaluating a motion for a new trial: “the district court has the duty ... to weigh the evidence <u>as [the court] saw it</u>, and to set aside the verdict of the jury, <u>even though supported by substantial evidence</u>, where, <u>in [the court's] conscientious opinion</u>, the verdict is contrary to the clear weight of the evidence.” *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 729 (9th Cir. 2007) (citations omitted) (emphasis added). *See also Tortu*, 556 F.3d at 1087; *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001); *United States v. 4.0 Acres of Land,* 175 F.3d 1133, 1139 (9th Cir.1999); *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990); *Moist Cold Refrig. Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957)).

**B.  Trans Ocean had knowledge of sexual harassment under negligence liability law**

As required for negligence liability, Plaintiffs-Intervenors proved by a preponderance of the evidence, by introducing Trans Ocean’s admissions and business records at trial, that Trans Ocean had knowledge of Bartolo Pilar’s sexually harassing behavior. Trans Ocean offered no reasonable explanation at trial, nor in its responsive motion, to refute these admissions. The weight of the evidence demonstrated Trans Ocean knew or should have known of Mr. Pilar’s harassing conduct; the jury verdict was contrary to the weight of that evidence.

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121

The case law cited by Plaintiffs-Intervenors sets forth the circumstances that satisfy the well-established knowledge prong for negligence liability under Title VII and the WLAD: an employer is liable when it does not remedy or prevent a hostile work environment "of which management-level employees knew, or in the exercise of reasonable care should have known." *Dawson v. Entek Int'l*, 630 F.3d 928, 940 (9th Cir. 2011) (quotion omitted). *See also Glasgow v. Georgia–Pacific Corp.*, 103 Wash. 2d 401, 407, 693 P.2d 708, 712 (1985). This standard rightfully focuses on the <u>employer's</u> actual or constructive knowledge of the harasser's behavior as a basis for liability, not the actions of the victim employee. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001) (in negligence liability case[1] it is plaintiff's burden to prove employer knew or should have known); *EEOC v. Fred Meyer Stores, Inc*., 954 F.Supp.2d 1104, 1113 (9th Cir. 2013) (under negligence liability, Plaintiffs must allege and prove Defendant's knowledge, not that each victim complained). Under negligence liability, whether or not Celia Sanchez and Elena Perea complained is irrelevant—the question is whether Defendant knew of Mr. Pilar's harassing conduct.

The limited case law regarding constructive knowledge demonstrates the circumstances under which an employer "knew or should have known" of harassment. In *Davis v. U.S. Postal Serv*., 142 F.3d 1334, 1342 (10th Cir. 1998),[2] the court was unambiguous that a previous complaint created knowledge: "There is evidence that the [employer] was aware of previous complaints against [the harasser] and thus should have been on notice of his harassing behavior." The court in *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 294 (3d Cir. 1999) summarized case

---

[1] Contrary to Defendant's assertion, *Swinton* involves negligence liability for harassment by co-workers and a non-immediate supervisor. 270 F.3d at 805-06.
[2] The "close issue" in *Davis* relates to USPS' remedial action, not, as Defendant implies, its knowlege. 142 F.3d at 1342. Defendant similiarly misconstrues the clear guidance provided by other cases cited by Plaintiffs-Intervenors.

law on constructive notice: it exists when management receives enough information to "raise a probability of sexual harassment" for a reasonable employer and when the harassment is open and pervasive. The *Kunin court* held a complaint about "cursing" was insufficient; a complaint must refer to sexually offensive behavior to create constructive knowledge. *Id.*

Trans Ocean admitted under oath and in three of its own business documents that it received a complaint of Mr. Pilar's sexual language in the workplace about a year prior to April 2013.[3] *See* Dkt No. 235-13 at 4:17-19 ("Admit that there was one informal complaint against Bartolo Pilar prior to April 2013 for using sexual language in the workplace. Answer: Admit."); Dkt No. 235-14 at 2235 ("There had been one informal complaint against bartolo in the past, the dates are not recorded but apparently about a year before. The complaint was that bartolo used sexual language in the work place…"); Dkt. No. 235-10 ("Bartolo was verbally warned about a year ago regarding a strong sexual language incident."); Dkt. No. 235-12 at 212.0207 ("there was a complaint that bartolo used strong language at work on 2012."). Trans Ocean's explanations for these admissions at trial did not credibly negate the fact of its knowledge of Mr. Pilar's use of sexual language. *See* Dkt. No. 234 at 14:13-15:7. The admitted complaint of "sexual language" was sufficiently clear about sexually offensive behavior to create constructive knowledge.

Trans Ocean also admitted it received a complaint of sexual harassment of Serapia Matamoros and other women as of April 12, 2013. Dkt. No. 235-14 at 2235-36 (Ms. Matamoros reported "[h]e talks like that to other woman…She also commented that this situation happened to all woman at work [sic]."); Dkt. No. 235-10 ("Bartolo also makes similar unappropriated

---

[3] Trans Ocean misstates Sebastian Santelice's testimony that Ms. Sanchez and Ms. Perea never met with him at the Co-op—rather, Mr. Santelices was asked if he "recall[ed] a meeting with Ms. Matamoros, Ms. Perea and Ms. Sanchez in the parking lot of the Skagit Valley Food Co-op" and he answered "No. I don't remember that." Dkt. 241-1, 26:3-7.

REPLY TO RESPONSE TO MOTION FOR NEW TRIAL UNDER FED. R. CIV. P. 59 – Page 4
(2:15-CV-01563-RAJ)

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121

conduct with other woman at work."); Dkt. No. 235-12 at 212.0205 ("Matamoros claimed that all woman at work had been victims of such harassments."). Trans Ocean's only responsive action was to conduct an "investigation," of which it has no documentation nor recollection about which employees it interviewed, and to ask Ms. Matamoros herself to talk to victims. *See* Dkt No. 234 at 17:14-18:23. This lack of action creates liability for an employer for putting its remedial obligations on the victim employee. *See Nichols v. Azteca Rest. Enter., Inc*., 256 F.3d 864, 876 (9th Cir. 2001). Trans Ocean admits it was on notice of pervasive harassment; its own failure to monitor the worksite and fulfill its duty to investigate with reasonable care accounts for any lack of actual knowledge.

**C.  Verdict form properly instructed jury on legal standard for knowledge**

Though the verdict form provided separate questions for each Plaintiff-Intervenor, each page properly iterated the legal standard for knowledge: "Do you find by a preponderance of the evidence that Defendant Trans Ocean knew or should have known about the harassrnent by Bartolo Pilar Robles ("Pilar") or other employees?" Dkt. No. 175 at 2, 3, 5, 6, 8, 9. In combination with the jury instructions on negligence liability, Dkt. No. 160 at 17, 19, 20, the jury was properly instructed to consider Defendant's knowledge of Pilar's harassment, not Defendants' knowledge of whether the individual Plaintiff-Intervenors was a victim or had complained.

**CONCLUSION**

The jury's verdict was contrary to the great weight of the evidence demonstrating Trans Ocean had knowledge of Mr. Pilar's sexually harassing behavior. This Court should grant Ms. Perea and Ms. Sanchez a new trial on their sexual harassment claims to prevent a miscarriage of justice.

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121

Respectfully submitted this 28th of July, 2017, by:

By:     s/ Mary Welch
By:     s/ Alyson Dimmitt Gnam

Mary Welch, WSBA #29832                    Alyson Dimmitt Gnam, WSBA #48143
Northwest Justice Project                   Northwest Justice Project
1814 Cornwall Ave.                          300 Okanogan Ave., Ste. 3A
Bellingham, WA  98225                       Wenatchee, WA  98801
Tel:  206-707-0826                          Tel:  509-664-5101
Fax:  360-734-0121                          Fax:  509-665-6557
E-mail:  maryw@nwjustice.org                E-mail:  alysond@nwjustice.org

*Attorneys for Plaintiffs-Intervenors*

REPLY TO RESPONSE TO MOTION FOR NEW TRIAL UNDER FED. R. CIV. P.
59 – Page 6
(2:15-CV-01563-RAJ)

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the United States of America and the State of Washington, that on July 28, 2017, I caused to be emailed the foregoing document to the following persons via ECF:

Carmen Flores: carmen.flores@eeoc.gov

Teri Healy:  teri.healy@eeoc.gov

Aaron Rocke:  Aaron@rockelaw.com

Jeremy Bartels:  jeremy@rockelaw.com


DATED:        July 28, 2017, at Bellingham, Washington.

s/ Mary Welch_____
Attorney for Plaintiffs-Intervenors
Northwest Justice Project
1814 Cornwall Ave.
Bellingham, WA  98225
Telephone: 206-707-0826
Email: maryw@nwjustice.org

REPLY TO RESPONSE TO MOTION FOR NEW TRIAL UNDER FED. R. CIV. P. 59 – Page 7
(2:15-CV-01563-RAJ)

**Northwest Justice Project**
1814 Cornwall Ave.
Bellingham, WA 98225
Tel. (360) 734-8680
Fax (360) 734-0121