HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

SERAPIA MATANOROS, *et al.*,

Plaintiff-Intervenors,

v.

TRANS OCEAN SEAFOODS, INC.,

Defendant.

Case No. 15-1563-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs-Intervenors' Motion for New Trial. Dkt. #234. Although Plaintiffs-Intervenors Elena Perea Olea and Celia Sanchez Perea have requested oral argument, the Court finds that oral argument is unnecessary. For the reasons stated below, the Court **GRANTS** Plaintiffs-Intervenors' Motion.

## II. BACKGROUND

Plaintiffs-Intervenors, Serapia Matamoros Perea ("Matamoros"), Elena Perea Olea ("Perea"), and Celia Sanchez Perea ("Sanchez") (collectively, "Plaintiffs-Intervenors"), brought claims of sexual harassment against Defendant Trans Ocean Seafoods, Inc. ("Trans Ocean"), under Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and the

ORDER – 1

Washington Law Against Discrimination ("WLAD"). Plaintiffs-Intervenors alleged that they were sexually harassed by their immediate supervisor, Bartolo Pilar ("Pilar"), and other male employees while working as clam harvesters at Trans Ocean. At the conclusion of trial the jury did not find, by a preponderance of the evidence, that Trans Ocean knew or should have known about Pilar's or other employees' harassment of Perea and Sanchez. Dkt. #176. On July 12, 2017, Plaintiffs-Intervenors Perea and Sanchez filed a motion for a new trial. Dkt. #234.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides that a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).

Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Included among these historically recognized grounds are claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co v. Duncan*, 311 U.S. 243, 251 (1940)). Ordinarily, a "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id.* (quoting *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 510 n.15 (9th Cir. 2000)).

### IV. ANALYSIS

Under Title VII and WLAD, an employer is liable for the harassment of a co-worker if the employer knew or should have known of the harassment but did not take adequate steps to address it. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803

ORDER – 2

(9th Cir. 2001). Plaintiffs-Intervenors argue that the jury's finding that Trans Ocean did not know and should not have known of the harassment of Perea and Sanchez is contrary to the weight of the evidence presented at trial.

Plaintiffs-Intervenors argue that Trans Ocean's response to a request for admission, business records, and testimony at trial establish that Trans Ocean knew that Perea and Sanchez were being harassed. Number 12 of Plaintiffs-Intervenors' Requests for Admission, read into the record at trial, states: "Admit that there was one informal complaint against Bartolo Pilar prior to April 2013 for using sexual language in the workplace. Answer: Admit." Dkt. #235 Ex. 4. Plaintiffs-Intervenors also submitted as exhibits notes titled, "Sexual Harassment Claim Investigation", and discipline documentation forms for Matamoros and Pilar. All three documents reference a prior complaint against Pilar and Matamoros' claim that Pilar was also sexually harassing other women. Dkt. 235 Ex. J, I and N.

Plaintiffs-Intervenors' argument is based on the proposition that knowledge of a hostile work environment as to one victim can be imputed to all alleged victims. However, this theory of liability is not supported by case law. Plaintiffs-Intervenors cite to two cases to support its theory; both of which are inapposite and unpersuasive. In *E.E.O.C. v. Fred Meyer Stores, Inc.*, the district court found that plaintiff need not allege that each class member involved in a class action complained about harassment in order to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), not that knowledge of the harassment of one victim is sufficient to prove that there was knowledge of the harassment of all potential victims. *E.E.O.C. v. Fred Meyer Stores, Inc.,* 954 F. Supp. 2d 1104, 1112 (D. Or. 2013), *on reconsideration in part* (Sept. 19, 2013).

Plaintiffs-Intervenors also cite to *Davis v. U.S. Postal Serv*., 142 F.3d 1334 (10th Cir. 1998). In *Davis v. U.S. Postal Service*, the plaintiff appealed the district court's decision granting defendants' motion for judgment as a matter of law as to all of her

ORDER – 3

claims. On appeal, the Tenth Circuit found that, when considered in the light most favorable to the plaintiff, a rational jury could find that the defendant negligently handled the plaintiff's sexual harassment complaint because there was evidence that the defendant employer was aware of previous complaints against the employee and thus should have been on notice of his harassing behavior. While the previous complaints were evidence that supported plaintiff's claim that defendant was negligent, the appellate court did not find that knowledge of harassment of others automatically equated to knowledge of harassment of the plaintiff, only that it was possible that a jury could find that it constituted notice.

Without this theory of liability, Trans Ocean's response to a request for admission acknowledging a prior complaint against Pilar, its business records noting the same, and Matamoros' complaint that Pilar was also harassing other women at work, are not sufficient to establish that Trans Ocean had actual knowledge that Perea and Sanchez were being harassed without other corroborating evidence. Plaintiffs-Intervenors argue that Matamoros, Perea, Sanchez, and Emily John-Martin all provided testimony corroborating Plaintiffs-Intervenors' claim that Perea and Sanchez reported their sexual harassment to Trans Ocean's Operations Manager, Sebastian Santelices. Matamoros, Perea, and Sanchez testified that they reported that Pilar was sexually harassing them on two occasions prior to filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Dkt. #235 Ex. A-D. The first was at an off-site meeting with Santelices, and the second was at an employee meeting at Trans Ocean's processing plant. *Id.* At the first meeting off-site, Perea and Matamoros told Santelices that Pilar was making sexual comments about them. Santelices then told the women that there would be another meeting and that he would talk to Pilar. Dkt. #235 Ex. A-C. Perea and Sanchez made a second complaint about Pilar's sexual comments shortly after the first, at an employee meeting. Santelices, Matamoros, Perea, Sanchez, and John-Martin were all present. *Id.* Sanchez testified that Perea again complained to Santelices that Pilar was

ORDER – 4

sexually harassing them[1]. Dkt. #235 Ex. A, B. Matamoros and John-Martin also testified that, on April 12, 2013, Matamoros made a third complaint to Santelices that Pilar was continuing to sexually harass her and other female employees. Dkt. #235 Ex. C, D. Their account of this meeting with Santelices is supported by Santelices' notes from the "Sexual Harassment Claim Investigation" and Matamoros' discipline documentation form.

At trial, Santelices stated that he did not remember meeting with Matamoros, Perea, and Sanchez off-site. When asked about the employee meeting at Trans Ocean's processing plant, Santelices stated that all employees were warned not to use "strong language" and that this warning was not issued to Pilar in particular. Santelices also testified that a complaint from Saul Martinez, a truck driver at Trans Ocean, was the impetus for this warning. Dkt. #241 Ex. 1. Santelices' testimony about what happened at the employee meeting and the details of the prior complaint about Pilar's "sexual language" contradicts that of Matamoros, Perea, and Sanchez. Presumably, the jury, having observed Matamoros, Perea, Sanchez, and John-Martin, and considered their credibility, credited Santelices' testimony over theirs. However, when considering whether to grant a new trial, the Court may weigh the evidence and assess the credibility of the witnesses. *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014).

As there is disparity between Santelices' testimony and that of the four other witnesses, the Court will consider other corroborating evidence that supports each party's arguments. The parties agree that there was a prior complaint against Pilar for his inappropriate use of "sexual language". According to Santelices' notes, Pilar's discipline documentation form, Matamoros' discipline documentation form, and Santelices' testimony at trial, Pilar was verbally warned because of this complaint about one year

---

[1] Perea and Matamoros speak Mixteco. Sanchez and John-Martin both interpreted for Perea and Matamoros because Santelices does not speak Mixteco.

ORDER – 5

prior to Matamoros' complaint. Dkt. #234 Ex. E, J, L, and N.  It is also undisputed that Matamoros told Santelices that Pilar was sexually harassing her and other female employees.  After Matamoros reported that Pilar was engaging in sexually harassing behavior, Santelices met with Pilar and gave him a second warning. *Id.*  This evidence, coupled with the compelling testimony of Matamoros, Perea, Sanchez, and John-Martin, outweighs Santelices' testimony and his version of these events.

Accepting Trans Ocean's contention that Santelices was unable to substantiate Matamoros' claim that Pilar was harassing other women, it is still undisputed that Trans Ocean knew that there were prior complaints about Pilar and were on notice of his harassing behavior.  The proper inquiry when considering an employer's negligence for the actions of a non-supervisory employee is whether there is evidence that the employer should have known about it while it was happening. *See Galdamez v. Potter*, 415 F.3d 1015, 1025 (9th Cir. 2005).  "This theory of liability is grounded . . . in the employer's negligence and ratification of the harassment through its failure to take appropriate and reasonable responsive action." *Freitag v. Ayers*, 468 F.3d 528, 538 (9th Cir. 2006) (quoting *Galdamez v. Potter*, 415 F.3d 1015, 1022 (9th Cir. 2005)).  Even crediting Santelices' testimony contradicting Plaintiffs-Intervenors' claim that they reported that Pilar was sexually harassing them, there is still ample evidence that Trans Ocean had notice of Pilar's behavior for at least a year before Matamoros filed her complaint with the EEOC and should have known that the harassment was occurring.

When considering a Rule 59 motion, it is the district court's duty "to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 729 (9th Cir. 2007).  Here, the jury's verdict was contrary to the clear weight of the evidence and should be set aside.

ORDER – 6

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs-Intervenors' Motion for New Trial. Dkt. #234.

DATED this 8th day of September, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7